J. M. BURK V. J. A. DEMPSTER.

[FILED APRIL 7, 1892.]

1. **Bailment: DEPOSITUM: NEGLIGENCE.** *Held,* That the evidence justified the jury in finding that the defendant was a bailee without hire, and that the bailee was guilty of gross negligence.

2. ———: ———: LIABILITY OF BAILEE. A gratuitous bailee is liable for injury to property entrusted to his care occasioned by gross negligence.

3. ———: ———: THE INSTRUCTIONS given fairly stated the case to the jury, and those requested by defendant were properly refused.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*F. B. Donisthorpe,* for plaintiff in error, cited: Addison, Torts [4th Ed.], 33; *Search v. Miller,* 9 Neb., 30; *Altschuler v. Algaza,* 16 Id., 635; 1 Bouv., L. Dic., "Bailee."

*W. C. Sloan, contra,* cited: 2 Parson, Conts., 88, 96; 4 Lawson, Rights & Remedies, p. 2903, sec. 1695; Story, Bailments [8th Ed.], p. 46, sec. 44a; Id., p. 76, sec. 83a; Id., p. 82, sec. 87; *Dale v. Brinckerhoff,* 7 Daly [N. Y.], 45; *O'Brien v. R. Co.,* 3 Pa., 76; *Bizzell v. Booker,* 16 Ark., 308; *Persch v. Quiggle,* 57 Pa. St., 247; *Cumins v. Wood,* 44 Ill., 416; *Funkhouser v. Wagner,* 62 Ill., 59.

NORVAL, J.

This is an action brought by John A. Dempster to recover damages for the breaking of his stove. Upon the trial in the district court the jury found for the plaintiff and assessed his damages at $5. The defendant brings the case into this court for review by petition in error.

The first ground urged by counsel for plaintiff in error for a reversal is, that the verdict is not sustained by the evidence. The testimony on the part of the plaintiff below tends to show that in 1887 he sold to the Geneva Exchange Bank a certain store building situated in the city of Geneva; that at the time he owned a Crown Jewel base burner heating stove, almost as good as new, which, by permission of the bank, he left in said building for storage; that shortly afterwards the defendant leased the building from the bank, and after he had taken possession plaintiff called the attention of Mr. Burk to the stove being in the rear room and asked if he had any objections to its being left there, to which Mr. Burk replied, "No, it would be all right"; that in August, 1888, plaintiff went after the stove, and, not finding it in the building, he inquired of defendant where it was, who replied that it was on the lot back of the building and that he had put it there because he wanted the room.

The defendant, in his testimony, denies that plaintiff asked permission to leave the stove in the building; admits that he caused the stove to be carried out and placed on the lot in the rear of the building, where it was left unprotected, but claims before doing so he called at plaintiff's place of business, and not finding him in, he sent word to Mr. Dempster to remove the stove from the building. Mr. Dempster, in rebuttal, testified that he received no notice from Mr. Burk or any one else to take away the stove. It is undisputed that the stove was so badly broken after it was carried out of the building as to be of no value.

The testimony, although conflicting, supports the verdict. We think the jury were justified in finding that there was a bailment, that plaintiff in error was a bailee without reward, and that the bailment had been abused. It was gross negligence to remove the stove to a vacant lot and leave it there unprotected. A gratuitous bailee is liable for injury to or loss of property intrusted to him occasioned by gross negligence.

Complaint is made of the giving of certain instructions asked by plaintiff, and refusing those requested by defendant. The court charged the jury, in effect, that the plaintiff, in order to recover, must establish the material allegations of the petition by a fair preponderance of the testimony. The defendant was not prejudiced by the use of the word "fair." The instruction was certainly quite favorable to him.

The second and fourth instructions are as follows:

" 2. You are instructed that if the defendant found the stove in question in the building leased by him of the Geneva Exchange Bank at the time he took possession thereof, and permitted the same to remain in said building without objection, he thereby became bailee thereof without hire."

" 4. You are instructed that a gratuitous bailer or bailee without hire or reward, where the bailment is for the benefit of the bailor only, is liable for gross negligence."

The first of these instructions was applicable to the case in view of the testimony given by the defendant below, to the effect that plaintiff never asked his permission to leave the stove in the building. A contract for the care and custody of goods is indispensable to a bailment, but such contract need not be expressed. One may be implied from the acts and conduct of the parties. By the defendant permitting the stove to remain in the store without objection for several months after he had taken possession of the building, he became a gratuitous bailee of the stove. The

fourth instruction correctly stated the rule as to the liability of such bailee.   A bailee without hire is responsible for gross negligence.   As we have seen, there was evidence sufficient to warrant the jury in finding that the acts of the defendant were grossly negligent.

The only criticism made upon the other instructions is that they were misleading for the reason the testimony was insufficient to establish a bailment.   The objection is untenable.   We think the instructions were based upon the evidence and fairly submitted to the jury every disputed question of fact.

The court did not err in refusing the defendant's third request.   It was to the effect that if 'the defendant needed the room occupied by the stove and used due diligence in notifying the plaintiff to remove the same and plaintiff paid no attention thereto, he cannot recover.   Conceding plaintiff was notified, which is disputed, the failure of plaintiff to remove the stove did not justify the plaintiff in error in placing the same in an exposed place where it would likely be injured or destroyed.   In such case it was his duty to have the stove removed to a place of storage, and he could have charged the expense thereof to the defendant in error.   (*Dale v. Brinckerhoff*, 7 Daly [N. Y], 45.)

The defendant's fourth request, which was refused, is as follows: " You are instructed that before you can find the defendant liable you must find that he has been guilty of gross negligence."   The substance of this request is embodied in the instructions given, and, therefore, was properly refused.   It was not error to fail to repeat it.   The same applies with equal force to some of the other instructions prayed by the defendant below.

On the trial the plaintiff in error asked the court to charge the jury as follows: " You are instructed, if you shall find from the proofs that the stove in question was not put in the defendant's charge by the plaintiff, but came into defendant's possession through the negligence of the

plaintiff in not removing it from the building, or store, when he (plaintiff) vacated it, and further find that the defendant did not know to whom it belonged, or by whom it was left in the store, and that he exercised all the care and vigilance that could reasonably be expected of him under the circumstances to find the owner, and, after thinking he had discovered the owner thereof, did notify the supposed owner, plaintiff herein, and said plaintiff paid no attention to said notification, and thereupon defendant placed said stove outside his building and that thereafter it was damaged, then you should find that the defendant is not liable to plaintiff for the damage of said stove."

The court declined to give this instruction, and the defendant excepted. The request was properly refused for the reason that it was not based upon the evidence. There was no testimony before the jury tending to prove that defendant did not know who was the owner of the stove or that defendant made any effort to ascertain who left it in the building, or that he ever gave any notice to the plaintiff. As stated above, defendant went to see the plaintiff for the purpose of notifying him to remove the stove, and failing to find him in his place of business, the defendant says he sent word by another person to plaintiff to take the stove away. But it does not appear that such message was ever communicated to plaintiff; while, on the other hand, plaintiff testified positively he never received any such notice. It is not error to refuse an instruction not sustained by the testimony even though correct as an abstract proposition of law. This has been often decided by this court.

The remaining assignments of error relate to rulings of the trial court on the taking of the testimony. The plaintiff in error offered to prove that one Harry Hazlett notified Ed. Dempster, a son of the defendant in error, to come and get the stove, which offer was excluded. This ruling was not erroneous. There is no proof in the record

that the son was the agent of the father, or that he had any power or authority to represent him in the matter. Notice to the former, therefore, would not have been notice to the latter.

An objection was sustained by the court to the following question propounded to the plaintiff in error by his counsel: "Were you in the habit of putting second-hand stoves of your own outside when you were crowded for room?" It does not appear that plaintiff in error was prejudiced in not permitting the question to be answered. We do not know, if permitted, but that he would have given a negative answer to the interrogatory. There was no offer to prove the facts sought to be elicited by the question. This was necessary, under the numerous holdings of our court, in order to have the ruling reviewed. The judgment is

AFFIRMED.

THE other judges concur.