JAMES W. WILSON, APPELLEE, V. MORRIS & COMPANY, APPELLANT.

FILED MARCH 28, 1922.  No. 21921.

1. Evidence examined, and *held* sufficient to sustain a finding that the relation of employer and employee existed.

2. Trial: VERDICT: JOINT TORT-FEASORS. In an action where several persons are proceeded against jointly for a wrong, the mere fact that one of the joint tort-feasors is released by the jury's verdict will not necessarily release the others, and the verdict against the others may stand.

3. ———: INSTRUCTIONS: CONTRIBUTORY NEGLIGENCE. It is not error to fail to instruct on the law of contributory negligence, when no such instruction is requested and no evidence of contributory negligence is offered.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*James C. Kinsler,* for appellant.

*Jamieson, O'Sullivan & Southard* and *A. H. Murdock, contra.*

Heard before MORRISSEY, C. J., ALDRICH, ROSE and FLANSBURG, JJ., HOBART and PAINE, District Judges.

HOBART, District Judge.

This is an action for damages brought by appellee against the appellant and one Kennedy. The verdict was against the appellant company and in favor of the codefendant Kennedy.

One of the issues on the trial was the question whether the relation of employer and employee existed between the two defendants. This question was submitted to the jury by adequate instruction and was by the jury resolved in favor of the plaintiff. After an examination of the evidence we cannot say that it is insufficient to support such finding, and in accordance with the settled rule it will therefore be regarded as established.

The principal argument of appellant is that it was entitled to judgment in its favor, notwithstanding the verdict, since the jury found in favor of its codefendant and employee. There was, however, evidence of negligence on the part of the employer distinct from the alleged negligent acts of the employee. It is said in the opinion of this court in *Usher v. American Smelting & Refining Co.*, 97 Neb. 526:

"The mere fact that, in an action where several persons are proceeded against jointly for a wrong, one of the joint tort-feasors is released, will not release the others, and the verdict against them will be sustained."

This principle, as laid down in the case quoted from, and supported by the authorities therein cited, is controlling and must be followed.

Complaint is made of the fifth instruction given by the trial court, which was, in part, as follows: "The burden of proof is on the plaintiff to establish by a preponderance of the evidence one or more of the acts of negligence charged against the defendants in the petition, the injury to the plaintiff, and that such negligence was the proximate cause of said injury, and the amount of damages, if any, the plaintiff has sustained by reason thereof."

It is argued by appellant that this instruction in effect assumed that the defendant Kennedy was an employee of the defendant Morris & Company, by not mentioning this relationship as one of the facts necessary to be proved, and further complaint is made of this instruction in that it did not define the law of contributory negligence. On the first point, it is to be noted that the court further gave to the jury its instruction No. 7, which was as follows:

"If you find from the evidence that the defendant James Kennedy was not an employee of, but was an independent contractor for, the defendant Morris & Company, then you are instructed that under the evidence in this case Morris & Company were not in any event responsible for his acts, and in case of such finding your verdict should be in favor of the defendant Morris & Company."

This, we think, covers the omission from the former instruction, though possibly the trial court could have been more explicit in pointing out to the jury that the burden of proof was on the plaintiff to establish the relationship existing between the two defendants. However, the rule is that the instructions must be construed as a whole, and we believe that, considering them together, the jury were adequately instructed on that point.

The omission of an instruction on contributory negligence cannot now be complained of, when no such instruction was presented to the trial court. Furthermore, no evidence was submitted showing contributory negligence.

No error is found in the record, and the judgment is

AFFIRMED.