WALTER K. BEAUCHAMP, APPELLEE, v. DORSEY LEYPOLDT ET AL., APPELLANTS.

FILED MAY 6, 1922. No. 21939.

1. **Trial: INSTRUCTIONS.** A party to an action is entitled to have the jury instructed with reference to his theory of the case, when such theory is pleaded and supported by competent evidence.

2. **Bailment: GRATUITOUS BAILEE: DUTIES.** Where a tenant at the expiration of his tenancy leaves upon the premises a harvested crop in the field, in the absence of some undertaking or permission on the part of the incoming tenant, the incoming tenant owes no duty to protect such property, except to refrain from wanton, reckless, or wilful acts which would injure or destroy such property.

3. ———: ———: ———. In such case, where the incoming tenant gives permission to the outgoing tenant to leave his property on the premises, with the assurance that it will be protected, the

incoming tenant thereby becomes a gratuitous bailee for the bene-
fit of the outgoing tenant, and is liable for any injury or damage
to the property occasioned by his gross negligence or bad faith.

APPEAL from the district court for Lincoln county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Carr*, for appellants.

*Halligan, Beatty & Halligan*, contra.

Heard before LETTON, DEAN, and DAY, JJ., CLEMENTS
(E. J.) and WELCH, District Judges.

DAY, J.

Action for damages against defendants for negligently
permitting their cattle to destroy a quantity of cane be-
longing to the plaintiff. The trial resulted in a verdict
for the plaintiff for $474.58, upon which judgment was
rendered. Defendants appeal.

The principal errors relate to the failure of the trial
court to properly instruct the jury.

It appears from the record that the plaintiff had leased
from the owner a certain quarter section of land for the
year ending March 1, 1919, upon which he had put up a
number of tons of hay, and also grew and harvested in
1918 about 20 acres of cane. On March 1, 1919, two-thirds
of this cane was in the shock, and the remainder lay in
bundles upon the ground as it fell from the machine. At
the expiration of the lease this cane and about 15 tons of
hay in the stack were still upon the premises. The land
leased by the plaintiff was a part of a large ranch of some
4,800 acres. This ranch, including the land occupied by
the plaintiff, was leased by the owner to the defendants
for ranching purposes for a period of years commencing
March 1, 1919. At the commencement of their lease the
defendants placed upon the ranch 540 head of cattle, plac-
ing them in charge of a herder, and in the first instance
kept them north of the premises upon which the plaintiff's
property was located. There was a fence along the north

side of the half section between the cattle and the plaintiff's property. The cattle were turned in upon this half section about March 6. After the cattle were turned in upon this half section, a slough and a ditch lay between them and the plaintiff's cane field. The cattle drifted toward the cane field, and on the morning of March 16 crossed the ditch and slough, entered upon the field, and completely destroyed the plaintiff's cane. The plaintiff testified that on March 5 or 6, he had a conversation with Mr. Moore, one of the joint defendants, concerning his field of cane, in which Moore told plaintiff not to worry about the cane; that the defendants would not harm it. Plaintiff also testified to a conversation on March 13 as follows: "On Friday I called Mr. Moore at Hershey, and told him, I was afraid these cattle would get in on me. He told me not to worry; he had a man to look after the cattle, and would see that they did not get in on me." Replying to these conversations, Moore testified that on March 5 he told the plaintiff that the defendants had bought the "tops and bottoms" on the land occupied by the plaintiff, and were going to put the cattle thereon, and whatever feed plaintiff had there, to get it out, and that plaintiff replied that he would do so as quickly as he could. He was then asked specifically, "What, if anything, was said by you he was not to worry about?" and answered, "Never said nothing about worrying. I told him to move it. We wanted to feed there." The plaintiff's testimony further tends to show that after the expiration of his lease he was engaged in removing the hay, and had just finished the day before the cattle entered upon the cane. It is undisputed that the cane field was very soft and muddy, and the ground in such condition that a team could not drive upon it without great difficulty; that the horses would sink to their knees. It is further shown that defendants' cattle were in charge of a herder in the daytime, but were not under any restraint during the nighttime.

One of the errors assigned is that the court erred in failing to instruct the jury upon the issue of abandonment

by the plaintiff of his cane.  This issue was properly pleaded as a defense, and there was evidence which tended to support it.  The defendant Moore testified that about March 10 or 11, he called up the plaintiff and told him that their man had called up and said he could not keep the cattle back longer, and that he (plaintiff) must get his feed out, and that the plaintiff replied "that there was only a little feed left, and to let them go." This conversation was denied by the plaintiff.  We think the court erred in failing to submit this issue to the jury.  The rule is well settled that a party to an action is entitled to have the jury instructed with reference to his theory of the case, when such theory is pleaded and supported by competent evidence.  *Hauber v. Leibold*, 76 Neb. 706.

Defendants also urge that the court erred in giving instruction No. 4.  This instruction in effect told the jury that there was no dispute but that the plaintiff was the owner of the cane in question; that defendants' cattle destroyed it; and that the only question to be determined by the jury from the evidence was the value of the cane destroyed.  Defendants contend that this instruction withdrew from the consideration of the jury the issue of defendants' negligence.  We are inclined to agree with this contention.  If, as claimed by the plaintiff, his cane was upon the premises by the permission of the defendants, with the assurance on their part that it would be protected, then defendants thereby assumed the obligations of gratuitous bailees for the benefit of the bailor, and would be liable to the plaintiff for injury to the property arising out of their gross negligence or bad faith.  *Burk v. Dempster*, 34 Neb. 426.  If, as claimed by the defendants, they gave no permission to the plaintiff to leave his property on the premises, and gave no assurance that it would not be harmed by their cattle, then we think the defendants owed no duty to the plaintiff to protect his property, except to refrain from wanton, reckless, or wilful conduct which would injure or destroy the property.  Under the issues and evidence in the case, we think the instruction as

given was erroneous. In any view which may be taken, we think the court should have submitted to the jury under appropriate instructions the question of negligence on the part of the defendants.

A number of other errors are assigned, but as they are not likely to occur upon a retrial we deem it unnecessary to consider them.

For the errors pointed out, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.