E. LAWRENCE MARTIN, APPELLEE, V. BROWNELL BUILDING COMPANY, APPELLANT.

FILED JULY 1, 1927.    No. 24341.

1. Trial: INSTRUCTIONS: NEGLIGENCE. It is not error to fail to instruct on the law of comparative negligence of the respective parties when no evidence of contributory negligence on the part of the plaintiff is offered.

2. Appeal: INSTRUCTIONS: NEGLIGENCE. Where the negligence charged against the defendant is that a railing of a fire escape landing fell because of negligent construction and maintenance, an instruction to the effect that, if you find from the evidence that the plaintiff climbed over the railing, and that it was thereby subjected to pressure and strain which could not have been foreseen by those constructing and maintaining it, and by reason whereof it fell and plaintiff was injured, then you will determine from the evidence whether such use of said fire escape by the plaintiff amounted to contributory negligence which was more than slight as compared with any gross negligence, if any, of the defendant building company, in the manner of maintaining said railing, is erroneous; but if there is no evidence that plaintiff climbed over said railing, causing a strain

which could not have been forseen by those constructing and maintaining it, it is error without prejudice to the rights of the defendant.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*T. F. A. Williams* and *Homer L. Kyle,* for appellant.

*Bruce Fullerton, Woods, Woods & Aitken* and *J. J. Ledwith, contra.*

Heard before ROSE, GOOD, THOMPSON, and EBERLY, JJ., and LESLIE, District Judge.

LESLIE, District Judge.

This is an appeal from a verdict of a jury in favor of the plaintiff and against the defendant Brownell Building Company. The judgment of the trial court was affirmed in an opinion written by Commissioner Thompson, motion for rehearing was filed by defendant Brownell Building Company, and rehearing granted, confined, however, to a consideration of two questions only raised by the defendant, to wit: (1) Was it error for the court to refuse to give instruction No. 11, tendered by the defendant, and to give instruction No. 13 by the court on its own motion? (2) Was there sufficient evidence to sustain the verdict of the jury? These questions were argued before the commission, and reargued before the court. Instruction No. 13 given by the court on its own motion is as follows:

"If you find from the evidence that the plaintiff, Martin, after placing the ladder against the wall below the lower, or so-called underground, terminal, ascended the ladder, and attempted to climb from said ladder to the second story landing of the fire escape by climbing up over the railing of said fire escape landing, and that said railing was thereby subjected to a great and unusual pressure and strain, which could not reasonably have been foreseen by those constructing and maintaining said fire escape and railing, and by reason whereof said railing fell and plaintiff was injured, then you will determine from the evidence whether

such use of said fire escape by the plaintiff amounted to contributory negligence, which was more than slight as compared with any gross negligence, if any, of the defendant building company, in the manner of maintaining said fire escape and railing in question."

Instruction No. 11, tendered by the defendant Brownell Building Company, is the same as No. 13, given by the court, down to the word "you" in line 11 of No. 13. From there on the tendered instruction is as follows:

"You are instructed that such conduct on the part of the plaintiff would constitute negligence on the part of the plaintiff in more than a slight degree contributing to the injuries sustained by him, and, in such event, your verdict should be for the defendant Brownell Building Company, even though you may find from the evidence that the Brownell Building Company was negligent in its manner of constructing and maintaining said fire escape and railing."

The plaintiff, an employee of the telephone company, was sent to the Brownell Block to install a telephone, or move one from one part of the building to another. On the rear of the building the telephone company maintains an upper and lower terminal box for its wires entering the building. The lower box was 12 or 14 feet above the surface of the alley, and the second, or upper terminal, was about 25 feet above the surface of the alley. There was a fire escape landing on the building, which was about 18 feet above the surface of the alley, midway between the upper and lower terminals.

The plaintiff testified that it was necessary for him to gain access to both terminals, and that for the purpose of reaching the lower one he borrowed a ladder from the defendant building company, which he placed against the wall of the building. He then testified that it was advisable to go to the upper terminal first in order not to disturb the telephone service throughout the building, and that, for the purpose of reaching the upper terminal, where all the wires terminated, he ascended to the fire escape landing on the second story of the building by going up the stairway

leading thereto.   That after he reached the landing, and had sorted over the wires to ascertain which one he wanted, he traced it down and stood on the landing of the fire escape and pulled the wire up from below so he could tell where it turned the corner and went to the north; that in doing so he stood four or five inches from the railing, and that he lost his balance and fell forward against the railing, striking it lightly, and that it and he went together to the pavement below.   He further testified that the railing was constructed of one and one-half inch iron pipe, three feet high, badly rusted, and that all the attachments were rusted away.

No one, other than the plaintiff, knew of the accident until he and the railing together hit the pavement below.   He testified that he had placed the ladder against the wall of the building, but had not used it.   One of the defendant's witnesses testified that he drove into the alley as the plaintiff placed the ladder against the wall, and that he saw plaintiff start to ascend the ladder.   There is no evidence from any person or source, other than the plaintiff himself, as to where he fell from, nor what caused him to fall.

It is the contention of the appellant, defendant building company, that the plaintiff ascended the ladder to the first, or lower, terminal box, and then attempted to reach the fire escape landing by climbing from the top of the ladder up over the railing, and that in doing so the railing was subjected to unusual strain and pressure which could not reasonably have been foreseen by those constructing and maintaining it.   This is a mere theory of the defendant, however.   There is no evidence whatever to sustain it.   A study of the physical conditions discloses that it would have been practically impossible for the plaintiff to have reached the railing from the ladder.   Instruction No. 13, given by the court on its own motion, does not correctly state the law.

The negligence charged against the appellant, defendant building company, is that the railing about the fire escape landing was improperly constructed, and that it was not maintained in a reasonably safe condition for use.   If it

Martin v. Brownell Bldg. Co.

fell because it was subjected to a great and unusual pressure and strain, which could not reasonably have been foreseen by those constructing and maintaining it, then it can scarcely be said that it fell because it had been negligently constructed, or was being negligently maintained. One is required, in building a fire escape, to construct and maintain it in such manner as to make it reasonably safe for the purposes for which it is intended. The law does not demand that it shall be so constructed and maintained that it will withstand unusual strain and pressure that could not reasonably have been foreseen or anticipated.

The giving of instruction No. 13 was error, but without prejudice to the rights of the appellant, defendant building company, since there was no evidence to sustain the theory of the said defendant.

Instruction No. 11 tendered by the defendant correctly states the law, but for the reasons above stated, it was not error for the court to refuse to give this instruction. *Beauchamp v. Leypoldt,* 108 Neb. 510; *Wilson v. Morris & Co.,* 108 Neb. 255.

We have carefully considered the evidence, and reached the conclusion that it sustains the verdict.

The commissioners' opinion, affirming the judgment of the district court, heretofore filed and adopted, is therefore adhered to, except as modified herein, and the judgment of the trial court is

AFFIRMED.

ROSE, J., dissenting.

I am inclined to take the view that the parties tried the issue that plaintiff, while standing on the fire escape and leaning over the railing in the act of pulling up a wire, lost his balance and fell against the railing, thus subjecting it to an unusual strain under which it gave way, the loss of equilibrium causing the injuries of which he complains, and that there is evidence tending to support such a defense as to which an erroneous and prejudicial instruction was given.