(38 Misc. Rep. 389.)

### BICKNELL v. SPEAR.

(Supreme Court, Special Term, St. Lawrence County. July, 1902.)

1. INCOMPETENT—ACTION AGAINST.

An action will not lie against an idiot from her birth on a contract for past maintenance.

2. SAME—JUDGMENT.

Where an action is brought against an idiot, and an attorney is designated by the county judge as one on whom the summons and complaint must be served, and files an answer, as in case of a suit against an infant, and consents to a judgment to be enforced against the land of the idiot, constituting her only property, and insufficient to pay the debt, the judgment is an absolute nullity.

Action by Frank M. Bicknell against Julia Spear. Action for judgment denied.

W. M. Hawkins, for plaintiff.
W. A. Daniels, for defendant.

RUSSELL, J. The plaintiff seeks to recover in a common-law action for 12 years' board of the defendant, who is alleged in the complaint to be "an incompetent person, unable to manage her affairs, and has been since her birth." The evidence upon the hearing shows that she is an idiot. The claim would be a just one were the defendant capable of making the contract. Her brother, Hermon Spear, maintained her for the period of 12 years prior to the commencement of this action, and assigned his claim to the plaintiff; which assignment, however, was made more than 4 years prior to the completion of the maintenance. The summons and complaint were personally served upon the defendant, and, by order of the county judge, they were also delivered to W. A. Daniels, attorney, who admitted due personal service, and interposed an answer, as attorney for the defendant, that she was of unsound mind, and "stranger to all and each of the matters and things set forth in the complaint herein," and submitted her rights to the protection of the court. On the 1st day of July, 1902, two days before the hearing, the attorney for the defendant waived notice of application for judgment, and consented that judgment might be taken for the amount set forth in the complaint. It appeared upon the hearing that the only property which the defendant owns is 14 acres of land, which is not of sufficient value to pay the plaintiff's claim, and, therefore, a forced sale under any judgment herein would leave her

destitute. Insane persons require support, and their contracts, expressed or implied, for the necessaries of life may be enforced. Story, Eq. Jur. § 228; Barnes v. Hathaway, 66 Barb. 452.

But the force of the claim comes not so much from the obligations of the contract, as from the justice of its terms and performance, aided by the presumption that some intelligence exists in the brain of lunatics to guide their action in things essential to daily existence. A serious distinction has always been recognized between lunatics and idiots. The one had lucid intervals; the other no power of mind whatever. The term "lunatic" has broadened to include all insane persons except idiots, as no other distinction seems to be essential. Laws 1874, c. 446, tit. 3, § 37, as amended by Laws 1892, c. 677, § 7. To allow a personal judgment against this idiot, upon which execution might issue, and her real estate be sold, would recognize the validity of an obligation at law, never created by any intelligent volition of the obligor, in an action the record of which would show an utter want of capacity to receive process, understand its force, retain an attorney to defend her interests, or offer the slightest resistance to the claim. The whole proceeding creating the cause of action and seeking to enforce it is an absolute nullity, so far as the defendant is concerned, except as her brother and mother supplied her physical wants. Such a situation, however, has not been left by the law without remedy. At any time during the maintenance, by the provisions of statutory law, the brother and mother could have obtained the appointment of a committee, who, by proper proceedings, might have devoted the little property owned by the defendant to her support. That procedure can yet be taken. It is unnecessary for this court to give expression to any opinion as to the power of the committee, through lunacy proceedings, to pay for past maintenance. That question is left to the proper forum. If there be any doubt about it, such doubt arises from neglect on the part of those interested years ago to take the proper steps. Application for judgment denied.

Application denied