In the Matter of the Estate of MILDRED ZOUNEK, Deceased.

Surrogate's Court, Queens County, May 26, 1932.

*Hackenburg & Schwartz*, for the petitioner.

*John Kindred Gillette*, special guardian.

HETHERINGTON, S. In this accounting proceeding a question is presented as to the distribution of a fund representing the proceeds of a settlement received by the administratrix for the negligent killing of the decedent. The decedent was survived by her father and her mother, the petitioner and administratrix. The distribution of the fund is controlled by sections 133 and 134 of the Decedent Estate Law (as added by Laws of 1920, chap. 919), and must be paid to the surviving parents as her next of kin (Dec. Est. Law, § 134), unless the father abandoned or left the maintenance and support of the decedent while living to the mother. (Dec. Est. Law, § 133, subd. 2.) The petitioner, relying upon the provisions of subdivision 2 of section 133 of the Decedent Estate Law, seeks to exclude her husband and the father of the decedent from sharing in the fund. No proof justifying such a determination is proffered other than the following allegation contained in the petition for the

judicial settlement of her account: " That Frank Zounek, the father of the deceased, left the maintenance and support of the deceased Mildred Zounek to your petitioner Mari Zounek, the mother of the deceased, ever since about the 15th day of May, 1930, and that your petitioner did maintain and support the deceased from about the 15th day of May, 1930, until the date of her death."

The sufficiency of the foregoing allegation is really the question at issue. An examination of it discloses that, except for the period of time mentioned, it is framed in the language of the statute. Not a single fact is set forth disclosing the circumstances under which it is claimed that the father " left the maintenance and support of the child to the mother." Whether it was due to dereliction or conditions beyond the control of the father does not appear. Surely it cannot be urged, nor should the court determine that the statute intended to visit a penalty on a father who was rendered unable to fulfill his parental obligations by reason of illness, incompetency or involuntary idleness. It should not be overlooked that the obligation of maintenance and support of a child is one binding on both parents, and while the burden is ordinarily and cheerfully sustained by the father, the fact that a mother may be compelled at times to wholly assume the obligation, should not deprive a father of his statutory share, in the absence of affirmative acts of parental dereliction on his part. While it might be argued that because the statute penalizes not only a father who has abandoned a child, but also one who has left its maintenance and support to the mother, it intended to bar a father whose failure to fulfill his parental obligation was other than deliberate, nevertheless, I do not believe that a father who has become *unable,* as distinguished from one who is *unwilling,* to perform his parental obligations should suffer a forfeiture. The imposition of the forfeiture here sought would, in the light of the special guardian's report, be an act of injustice. His investigation discloses that the father " lost " his position on or about May 15, 1930, and while for several months thereafter he had an occasional day's work, much of his time was spent about his home " apparently worrying." In the latter part of last June he was committed to a State hospital as an incompetent person. Surely, at least from the time of his commitment, his leaving the maintenance and support of his child to his wife must be regarded in the nature of an involuntary act, and one which would not justify his exclusion from participating in the distribution of the fund. His enforced idleness should have no different result, and unless the petitioner can submit proof that he left the maintenance and support of his child to his wife for a reasonable

and continuous period prior to May 15, 1930, which was occasioned by a disinclination on his part to live up to his parental obligations, I will decree that the fund must be distributed to both. If the petitioner can submit such proof, the matter can be brought on for a hearing upon five days' notice to the special guardian and filing proof of service of the same with the clerk.