In the Matter of the Estate of LAWRENCE SCHRIFFRIN, Deceased.

Surrogate's Court, Kings County, June 20, 1934.

*Silberman & Steinfeld* [*Jacob B. Steinfeld* and *Herman Gross* of counsel], for the petitioner.

*Thayer Chapman*, for the respondent.

WINGATE, S. The issue here presented is whether or not the conduct of this respondent comes within the description of subdivision 2 of section 133 of the Decedent Estate Law and, therefore, debars him from sharing with the mother in the recovery for the death of his son. This subdivision reads: " In case the decedent leaves neither husband, wife, nor issue, but leaves a mother, and a father who has abandoned him, or who has left the maintenance and support of their child to the mother, the damages or recovery shall be for the sole benefit of such mother."

The inclusion in this subsection of alternate grounds for denial of any right to participation by the father is particularly striking by reason of the fact that the following subdivision which specifies when a mother is not entitled to share, disqualifies only " a mother who has abandoned him."

This is but another instance of the many found in the law of the recognition of a double duty to the children on the part of the father, namely, both for support and care, and of only the latter on the part

of the mother. The neglect of the single duty by the mother, or of either by the father, will prevent the receipt of any financial recompense for the death of the child.

The record in the case at bar demonstrates that this father performed his duty of support. To be sure it was at least partially under compulsion of a court order. This, however, is wholly immaterial. The important thing is that the required act was performed by him.

The sole question of moment, therefore, is whether he did " abandon " the child within the meaning of the statute. As the court views the intent of the Legislature in this connection, the connotation of the term differs in several material particulars from the similar word as employed in subdivision 3 of section 111 of the Domestic Relations Law relating to persons whose consent is unnecessary upon an adoption. In the present connection, the purpose is to brand as unworthy a parent, whether mother or father, for their obligations in this respect are identical, who, for a material period prior to the accrual of the right of action, has failed to perform the duties of care and training of the child recognized as essential for the development of the rising generation. (See *Matter of Forte*, 149 Misc. 327, 329.)

The word " abandon " in section 899 of the Code of Criminal Procedure, as will be apparent from the context, refers to something entirely different and is addressed merely to the question of whether or not a person within its description has failed to fulfill the other obligation of support which the law imposes upon him. In the usual case, it is probable that such failure to support will be accompanied by dereliction in the performance of the other duty of training, but the State wisely refrains from any direct attempt to enforce the latter, being content with assuring itself that dependents shall not become public charges.

An adjudication in the Family Court has, therefore, no bearing one way or the other on the question presently at issue, of whether the parent has been derelict in the performance of the duty of care and training connoted by the term " abandoned " in the statute under consideration, and the establishment of the fact becomes one for demonstration in the ordinary course with the burden of proof on the person who alleges it.

In this connection reasons for, or mitigating circumstances in connection with, the abandonment are wholly immaterial. It may be true, as testified on the part of the husband, that there was, as far as his wife was concerned, ample justification for his failure to continue to live with her. Determination of this point is unnecessary. The sole pertinent inquiry is whether the father did or did not,

in fact, by his own voluntary act, discontinue the performance of his legal duty of personal care and training of the child. On the uncontradicted facts of the present record, it must be determined that he did, wherefore there is an end of the question.

If the wife was the dissolute creature he would have the court believe her to have been, his remedy was clear, to obtain a divorce or judicial separation from her. Such judgment might have awarded him the custody of the children which would have enabled him to perform his personal duties to his children. If it were awarded to her, he would be legally exonerated from their performance.

Even were the intent of the Legislature not so clear in this regard as the court conceives it to be, the result must be the same. The only wholly credible witness on the trial was the little daughter, who directly contradicted material portions of the father's testimony.

The court, therefore, determines that the respondent, at the time of the accident, had abandoned the decedent within the meaning of the statute and is, therefore debarred from sharing in the recovery.

Proceed accordingly.