In the Matter of the Estate of CAROLINE MAY, Also Known as CAROLINE MAJ, Deceased.*

Surrogate's Court, Kings County, March 26, 1936.

*Strauss & Abrahams*, for Daniel May, as executor, etc., petitioner-accountant.

*Daniel McNamara, Jr.*, for the respondent, claimant, Elizabeth May, as administratrix c. t. a., etc., of Isaac May, deceased.

*Nicholas Howard Pinto*, special guardian for Rebecca May, an incompetent person, distributee of the estate.

WINGATE, S. The extent of the personal obligation of a mother for the support of a minor or incompetent child does not appear to have been authoritatively defined in this State. The dictum

in *Matter of Zounek* (143 Misc. 827, 828), which is capable of the construction that this is equally the duty of both parents, if given this connotation, is clearly not the law, since it has many times been determined that a mother is entitled to reimbursement from the personal estate of her child for expenditures for necessaries made on its behalf. (See *e. g., Matter of Friedlander,* 189 App. Div. 90, 95; *Welch* v. *Welch,* 200 N. Y. Supp. 652, 655, not otherwise reported.) None of the adjudications cited by the claimant are in point since all refer to the obligation of a father.

It would follow, therefore, that in a case like the present the obligation of the mother would be merely a secondary one unless it could be demonstrated that she had affirmatively agreed to assume a primary liability.

The written agreement which has been submitted for the purpose of supplying this essential link is wholly inadequate to this end. It goes no further than to effect a subordination of the mother's rights in the daughter's estate to the claim of the testator of the present claimant for advances made on behalf of the daughter and thus, inferentially, negatives any thought of assertion of personal liability against her or assumption thereof by her.

The claimant's cause is in no wise aided by the fact that the will of the present decedent has erected a trust of her property with the income thereof expendable for the benefit of the incompetent.

The present decedent died in 1925, and according to the unrefuted allegations in the record, which must be taken as true for the purposes of the present application, the claimant's testator, who was named as an executor in her will, administered her estate in accordance with its terms for a period of upwards of seven years without probating the document. It might, in this situation, be an interesting question as to whether his acts in substantial waiver of his putative claim and possible tolling of the running of the Statute of Limitations against it according to usually applicable rules, would not raise a present estoppel against one claiming through him to assert it at this late date.

These questions are, however, not necessary of present determination by reason of the manner of submission. All that is now necessary to be decided is that the liability of this estate, if any, is merely a secondary obligation for reimbursement of the sums expended if, and to the extent, if at all, that they are not recoverable from the property of the incompetent herself. Since the claim as submitted is an absolute and not a contingent one it is, as against the present motion, unsupportable.

Proceed accordingly.