In the Matter of the Estate of EARL W. BARTH, Deceased.

Surrogate's Court, Erie County, March 29, 1941.

*William J. Brock,* for the petitioner.

*Robert J. Lansdowne,* special guardian.

VANDERMEULEN, S. The decedent was killed while riding his bicycle on Grover Cleveland highway, county of Erie, on February 28, 1940. An action was commenced for negligence and the case was settled for the sum of $6,250.

Decedent left Eleanor P. Barth, the mother and petitioner, and his father, Earl C. Barth, an incompetent, who had been confined in the Gowanda State Hospital from sometime prior to the accident

to the present date. Decedent also left him surviving a sister, Joanne Barth, an infant of the age of five years.

Pursuant to section 133 of the Decedent Estate Law, the proceeds of the settlement are to be divided equally between the parents, unless the contention of the petitioner is sustained in this court. Subdivisions 2 and 5 of section 133 of the Decedent Estate Law provide:

" 2. In case the decedent leaves neither husband, wife, nor issue, but leaves a mother, and a father who has abandoned him, or who has left the maintenance and support of their child to the mother, the damages or recovery shall be for the sole benefit of such mother."

" 5. The surrogate of the county wherein letters have been issued to the plaintiff shall have jurisdiction to determine the question of abandonment or failure to support under subdivisions two, three and four of this section."

The petitioner contends that inasmuch as she is now compelled to maintain and support their child because of the mental condition of the father, the entire proceeds of the recovery should be paid for her sole benefit.

It will be noted that subdivision 2 of section 133 reads in part, " and a father who has abandoned him, or who has left the maintenance and support of their child to the mother." There could only be an abandonment by a voluntary act. The two clauses are joined in such a manner as to give the inference of a voluntary act in each instance. If the Legislature intended this section to cover a situation such as is now before the court it should have used more specific language.

I feel very sympathetic toward the widow, but I am faced with the interpretation of a section of the statute and I cannot construe it otherwise. The learned surrogate of Queens county, in *Matter of Zounek* (143 Misc. 827) appears to have taken the same view in a very similar matter.

A recommendation should be made to the Legislature to amend this section so as to accomplish in similar matters in the future the relief that is now sought.

The prayer of the petitioner, in so far as it relates to the paying of the entire amount of the recovery to her, is hereby denied.