In the Matter of the Accounting of MARY MUSCZAK, as Administratrix of the Estate of EDWARD MUSCZAK, Deceased.

Surrogate's Court, New York County, August 15, 1949.

*Ralph Masineer* for administratrix, petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Edward Bailey* of counsel), for Superintendent of Central Islip State Hospital, respondent.

*Grace Kelly Santo,* special guardian for Paul Musczak, an incompetent, respondent.

FRANKENTHALER, S. Whether or not the father of the deceased infant is entitled to a share of the damages recovered for his child's wrongful death is the ultimate question presented in this case. The mother asserts that the father, who has been since committed to a State institution as an incompetent (see Mental Hygiene Law, § 70), had previously abandoned the child and left his care and maintenance to her. She claims that by reason of the father's failure to fulfill his parental duties, he must be denied a share of the proceeds, and that they must be distributed to her as sole beneficiary pursuant to subdivision 2 of section 133 of the Decedent Estate Law. That section reads: "In case the decedent leaves neither husband, wife, nor issue, but leaves a mother, and a father who has abandoned him, or who has left the maintenance and support of their child to the mother, the damages or recovery shall be for the sole benefit of such mother."

The statute provides alternate grounds upon which a father may be excluded from participation in the proceeds of a death action, namely, abandonment or failure to support (*Matter of Zounek,* 143 Misc. 827; *Matter of Barth,* 176 Misc. 310).

By the term "abandonment" is meant a voluntary breach or neglect of the duty to care for and train a child and the duty

to supervise and guide his growth and development, which are normally concomitant to the father-child relationship (*Cannon v. Cannon*, 287 N. Y. 425; *Matter of Davis*, 142 Misc. 681; *Matter of Schriffrin*, 152 Misc. 33). "Non-support" connotes merely a failure to contribute to the maintenance and material well-being of the child (*Matter of Daniels*, 193 Misc. 862). A father may, for the purposes of this section of the Decedent Estate Law, fulfill either branch of this twin obligation without completely satisfying its conditions. Failing in either duty, he will be denied participation in the proceeds (*Matter of Schriffrin, supra*).

In order to prove the fact of abandonment by the father and his failure to support the child, the mother was called as a witness. A decision upon the question of her competency to testify was reserved and her testimony received subject to a motion to strike out. That question must now be considered.

The special guardian for the incompetent father asserts that by reason of the mental incompetence of her ward and the mother's interest in the event, the testimony is barred under the provisions of section 347 of the Civil Practice Act. That section, so far as it is here pertinent, states than an interested person may not be examined in his own behalf against the committee of a lunatic concerning personal transactions between witness and the lunatic. The court holds, upon the authority of *Matter of Harkavy* (184 Misc. 742; 56 N. Y. S. 2d 700), that the term "lunatic" extends to and includes one committed as an incompetent to a State mental institution (General Construction Law, § 28; cf. *Matter of Preston*, 113 App. Div. 732; *Weinberg* v. *Weinberg*, 255 App. Div. 366; *Bicknell* v. *Spear*, 38 Misc. 389) and that "committee of a lunatic" necessarily includes a special guardian appointed by the court to protect the interests of an incompetent (*Matter of Schrier*, 157 Misc. 310; *Matter of Barc*, 177 Misc. 578; see, also, *Wurster* v. *Armfield*, 175 N. Y. 256) who, by reason of a lack of extensive assets, may not require a committee. The testimony of the mother will not, therefore, be considered.

Competent evidence presented at the hearing establishes with utmost clarity that the father, prior to his incompetency, had abandoned not only the infant but his wife and other children and that even at the date of deceased's birth in 1935 he was living apart from his family. At no time subsequent did he abide with them, or participate with his wife in caring for the child. Nor did he attempt to contribute to their support, but the obligation to provide a home for the family devolved upon the mother.

In 1944 the father was committed to a State institution. It is true that where a party fails to fulfill his parental duties solely because of incompetency or commitment he will not for that reason be held to have abandoned a child or failed to support him, since such dereliction, in order to come within the quoted section of the Decedent Estate Law, must result from a deliberate or voluntary act (*Matter of Zounek, supra; Matter of Barth, supra*). But the facts of this case establish a history of nonsupport and abandonment long antedating the period during which the father is shown to have been incompetent.

The court finds that the father at the time of his son's death had previously abandoned and failed to support him within the meaning of the statute and is therefore debarred from sharing in the recovery. The proposed settlement of the claim for the death of the child is approved. The counsel fees in the action for said death and the funeral expenses are allowed upon consent of the sole beneficiary.

Submit decree settling the account accordingly.