Richard J. Sherman,
Acting Surrogate. TMs is a proceeding by Ernest Guilianelli, a father, to compel Mary Kiley Guilianelli, a mother, the administratrix, to account for the amount of damages recovered for a wrongful death of a minor cMld, and for a decree directing the distribution to him of Ms share of the proceeds of said action pursuant to section 133 of the Decedent Estate Law.
Section 133 of the Decedent Estate Law provides:
‘ ‘ The damages recovered in an action, as prescribed in tMs article, or obtained through settlement without action, are exclusively for the benefit of the decedent’s husband or wife, and next of Mn, except as hereinafter otherwise provided; and, when they are collected, they must be distributed by the plaintiff, or representative, to any or all of such husband or wife and next of kin, in proportion to the pecuniary injuries suffered, the proportions to be determined upon notice to all interested persons in such manner as the court shall deem proper and after a hearing at such time as the court may direct, upon application made by the plaintiff or representative or by the husband or wife or any next of kin. If no action is brought, such determina *172 tion shall be made by the surrogate of the county wherein letters have been issued. If an action is brought, the said proportions shall be determined by the court having jurisdiction of the action or by the surrogate of the county wherein letters have been issued to the plaintiff. The distribution of the proceeds of a settlement or action shall be subject to the following provisions, to wit:
< Í 2 * * *
“2. In case the decedent leaves neither husband, wife, nor issue, but leaves a mother, and a father who has abandoned him, or who has left the maintenance and support of their child to the mother, the damages or recovery shall be for the sole benefit of such mother.
fig # # *
“ 4. No share of such damages shall be allowed under the provisions of this article either (a) To a husband who has neglected or refused to provide for his wife, or has abandoned her; (b) * * *; (c) Or in the estate of a child to a parent who has neglected or refused to provide for such child during infancy or who has abandoned such child during infancy whether or not such child dies during infancy, unless the parental relationship and duties are subsequently resumed and continue until the death of the child.
‘ ‘ In the event that a husband or wife or parent is deprived of a share of such damages under the provisions of this section, such damages shall be distributed in accordance with the other provisions of this section as though such husband, wife or parent had predeceased the decedent.”
The respondent contends that the petitioner has failed to establish a voluntary abandonment by a preponderance of the credible evidence and that the respondent has voluntarily contributed to the maintenance and material well-being of the deceased child.
In support of his contentions, the respondent cites: Matter of Musczak (196 Misc. 364); Matter of Schafer (278 App. Div. 608); Matter of Downs (157 Misc. 293); Matter of Barth (176 Misc. 310); Matter of Daniels (193 Misc. 862, revd. on other grounds, 275 App. Div. 890); Matter of Diamond (155 N. Y. S. 2d 498).
There can be no disagreément with the findings of the courts in the cases cited above.
However, the sole pertinent inquiry is whether the father did or did not, in fact, by his own voluntary act, discontinue the performance of his legal duty of personal care and training of the child. (Matter of Schriffrin, 152 Misc. 33.)
*173 Whether the father of the decedent son is entitled to share in the death action depends on whether he had voluntarily abandoned or failed to support his family within the meaning of subdivision 2 of section 133 of the Decedent Estate Law. (Fraley v. Muller, 281 App. Div. 1016.)
It is to be noted that the inquiry is directed to two questions:
1. Was there an abandonment of the child by the father, and
2. Was there a failure on the part of the father to support the child and properly provide his care and maintenance ? (Matter of Musczak, 196 Misc. 364, supra.)
The abandonment contemplated by the statute is the neglect or failure to fulfill this later responsibility of parental care and guidance. (Matter of Musczak, supra; Matter of Schriffrin, supra.)
The evidence in the case at bar must be the guiding factor in arriving at a determination.
The facts briefly are that there were two prior children, the issue of this marriage. A separation took place. Insofar as to the fixing of the blame for such separation, it makes no difference as to the father’s responsibility for this subsequent child. The father had been contributing the sum of approximately $10 per week for the care of the first two children. He continued to make this same payment, fairly regular after the birth of the child, now deceased, until upward of some 150 payments had been proven. There was no increase in the amount after the birth of Patrick.
There was some evidence offered by the respondent that on one occasion he had attempted to see the child, but the proof seems to be overwhelming that respondent never visited or saw the child, never corresponded with him, refused to pay the hospital bills for the birth of the deceased, very seldom, if ever, inquired as to the health or well-being of the child, and never contributed to his care, support or maintenance. This court cannot accept the $10 contributions as continued, as support for the deceased. The father was well able to increase the amount of such support after the birth of the deceased. Ten dollars would probably be inadequate for the care, support maintenance and education of the two children, and entirely inadequate for three children. The proof points up to the fact that there was a complete denial of Patrick by his father.
The father remained at all times responsible for the care and well-being of his children. He did very little for the first two children and contributed nothing for the care and well-being of Patrick, the deceased. Patrick remained under the care of his *174 toother until his death. One remaining factor is that the father did not attend the funeral of Patrick.
In view of these facts and the other evidence introduced on the trial, and the cases cited, this court can only reach the conclusion that the respondent abandoned the deceased and did not provide for the care, maintenance and support of the deceased child, and is therefore, pursuant to section 133 of the Decedent Estate Law, barred from sharing in the proceeds recovered for the wrongful death of the deceased.
Submit decree.