■ JAMES R. WISHART, SR., as Administrator of the Estate of JAMES R. WISHART, Deceased, Respondent, v. RONALD M. ANDRESS et al., Defendants; SUSAN M. KRATZKE et al., Appellants, and VILLAGE OF DEPEW, Respondent.— Judgment unanimously reversed, on the law, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $30,000 and the apportioned sums to $21,000 for the County of Erie, $3,000 for defendants Andress and $6,000 for defendants Kratzke and to the entry of an amended judgment accordingly, in which event the judgment as so reduced and amended is affirmed, without costs. Memorandum: This action for wrongful death arises from an accident which occurred during the early evening hours of November 22, 1969 in the Village of Depew. Plaintiff's intestate, a 15-year-old boy, and his two cousins were walking, facing traffic, in an easterly direction on the north shoulder of George Urban Boulevard, a county highway. They noticed two large dogs running loose nearby and crossed to the south side of the road in order to avoid them. They continued walking on that side of the road, with their backs to the traffic. They were struck from behind by an automobile driven by defendant, Susan Kratzke, and plaintiff's intestate was killed instantly. Immediately before or after striking the boys, the Kratzke car was struck from behind by an automobile driven by defendant, Ronald Andress. The record shows that the boys were walking either on the edge of the roadway or just on the shoulder. There were no sidewalks on either side of the road. The record further shows that the shoulder on the side of the road where they were walking was wet and muddy. However, it was wider than the three-foot shoulder on the opposite side which was covered with water. The jury found that the County of Erie, Kratzke and Andress were all negligent. Although

plaintiff's intestate was walking with his back toward oncoming traffic in contravention of subdivision (b) of section 1156 of the Vehicle and Traffic Law, the jury found no contributory negligence since there were mitigating circumstances which made it impracticable for plaintiff's intestate to walk facing traffic. A verdict was returned for $55,000, apportioned 70% ($38,500) against the County of Erie, 20% ($11,000) against the Kratzkes and 10% ($5,500) against the Andresses. On the evidence presented, the jury could properly find that defendants were negligent and that plaintiff's intestate was not contributorily negligent. Therefore, no error occurred in the jury's determination as to defendants' liability (*Tedla* v. *Ellman*, 280 N. Y. 124; *Collins* v. *Wilson*, 40 A D 2d 750, 751). Plaintiff's intestate was an average student in the tenth grade at a public high school. He was helpful around the house and on occasion helped his father with carpentry and siding jobs. There was no evidence presented which indicates that he had any specific ambition in life or that he had any area in which he was especially talented (see *Hart* v. *Forchelli*, 445 F. 2d 1018, cert. den. 404 U. S. 940). Deceased's father was 45 years old, worked for the United States Postal Service and owned his home. It does not appear that he would have needed or accepted money from his son for some time. The measure of damages for the death of an infant is the pecuniary loss to the parents (EPTL 5–4.3; see 9A Rohan, N. Y. Civ. Prac., par. 5–4.3 [7]). The award granted herein was grossly excessive (cf. *Hallenbeck* v. *Caiazzo*, 41 A D 2d 784; *Rice* v. *Ninacs*, 34 A D 2d 388). (Appeals from judgments and order of Erie Trial Term in wrongful death action.) Present — Moule, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.