*620 OPINION OF THE COURT
Michael A. Telesca, J.
At issue is the question of apportionment of the proceeds of a wrongful death action between the divorced parents of their deceased 18-year-old son. The amount of the settlement ($12,-000) is not objected to. The only persons entitled to share in the recovery are the divorced parents.
The deceased was residing with his mother (the petitioner) and was paying her $25 for weekly room and board and thus, the mother claims total pecuniary loss is hers. The father claims that he was contributing to his son’s support in the amount of $17.50 per week, that he had not abandoned his son, and legally he should share equally in the proceeds of the settlement.
EPTL 5-4.4 (subd [a], par [1]) provides for distribution of damages recovered in a wrongful death action as follows: "Such damages shall be distributed by the personal representative to the persons entitled thereto in proportion to the pecuniary injuries suffered by them”. The extent of the parents’ dependency upon the deceased and the probable benefits they would have received from him had he lived, determine the basis upon which damages are to be measured. (EPTL 5-4.3.) However, financial dependency is not a precondition to recovery but is relevant in determining the amount of damages sustained. (9A Rohan, NY Civ Prac, par 5-4.3 [2]; Wishart v Andress, 46 AD2d 998.)
No provision is found in the law which allows one parent to share in greater proportion than the other unless that parent abandoned the child. (EPTL 5-4.4, 4-1.4.) Abandonment contemplates refusal of a parent to support or maintain the deceased child. (Matter of Musczak, 196 Misc 364; EPTL 4-1.4; Matter of Schriffrin, 152 Misc 33.)
There is no allegation or proof of abandonment by the father and accordingly no impediment to his sharing equally with the mother in the proceeds of the wrongful death settlement. The requested fee for representing the estate in obtaining the settlement in the amount of $2,500 plus disbursements is approved.