■ In the Matter of the Estate of CHARLES E. BAECHER, Deceased. ELIZABETH R. BAECHER, Respondent; JOHN J. BAECHER, JR., Appellant. [603 NYS2d 504] —In an administration proceeding, the appeal is from a decree of the Surrogate's Court, Westchester County (Emanuelli, S.), dated February 27, 1991, which disqualified the appellant from taking a distributive share of the estate of his son, Charles E. Baecher.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

EPTL 4-1.4 (a) provides that "[n]o distributive share in the estate of a deceased child shall be allowed to a parent who has failed or refused to provide for, or has abandoned such child". The petitioner's sole contention in seeking to disqualify the appellant as a distributee of his son's estate was that he had failed to provide support for the decedent. We find there is ample evidence in the record to support the finding by the Surrogate's Court that the appellant failed to provide for his child.

The petitioner, who is the decedent's mother, and the appellant, who is the father, were divorced in 1976, at which time the appellant was directed to pay child support to the mother. The decedent was 10 years old at the time of the divorce. At the trial, the petitioner testified that since the divorce, the appellant failed to make child support payments as directed by the court, and that he otherwise failed to support the decedent. Another of the parties' sons, Edward Baecher, gave testimony which corroborated that of the petitioner. The appellant testified that while he did make many child support payments, he later stopped making payments because he did not have sufficient income due to unemployment. He testified that he nevertheless made many payments directly to the decedent and also paid for his substantial dental expenses. He also claimed that some child support payments were made on his behalf by a court-appointed Referee who sold the marital home.

While the appellant was able to provide documentation for some of the payments he asserted were made to the decedent,

the majority of these payments were undocumented. We decline to disturb the finding of the Surrogate's Court that the appellant's testimony that he made certain undocumented payments was not credible. We agree with the determination of the Surrogate's Court that the payments for which the appellant did provide documentation were sporadic, and insufficient to constitute support of his son (see, Estate of Etheridge, NYLJ, Dec. 7, 1989, at 25, col 4). Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.