■ In the Matter of the Estate of DORIAN ARROYO, Deceased. YOLANDA ARROYO, Respondent; ROBERTO ARROYO, Appellant. [710 NYS2d 492] —Order unanimously affirmed without costs. Memorandum: The Surrogate properly excluded respondent from receiving any share of the settlement proceeds attributable to the wrongful death of his child. Pursuant to EPTL 4-1.4 (a), "No distributive share in the estate of a deceased child shall be allowed to a parent who has failed or refused to provide for, or has abandoned such child while such child is under the age of twenty-one years". Disqualification under EPTL 4-1.4 precludes one from sharing in wrongful death proceeds under EPTL 5-4.1 (see, Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-4.1, at 305). Here, the record establishes that respondent failed or refused to support his child for 2½ years prior to her death (see, Matter of Wright, 271 AD2d 201; Matter of Baecher, 198 AD2d 221, lv denied 83 NY2d 751; Matter of Brennan, 169 AD2d 1000, 1000-1001; Matter of Daniels, 275 App Div 890). Moreover, the record establishes that respondent abandoned his child by neglecting or refusing to fulfill the natural and legal obligations of training, care and guidance owed by a parent to a child (see, Matter of Downs, 157 Misc 293; Matter of Schiffrin, 152 Misc 33, 34; Matter of Guilianelli, 7 Misc 2d 171; see also, Matter of Davis, 142 Misc 681, 691). Contrary to his contention, respondent was not mentally incompetent to such a degree as to excuse his abandonment of his child and failure to support her (cf., Matter of Musczak, 196 Misc 364, 366-367; Matter of Barth, 176 Misc 310, 311; Matter of Zounek, 143 Misc 827, 828). (Appeal from Order of Erie County Surrogate's Court, Mattina, S.—EPTL.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.