MAE GROSS, as Administratrix of the Estate of LOUIS C. GROSS, Deceased, Respondent, *v.* SYLVIA ABRAHAM, Defendant. STATE INSURANCE FUND, Appellant.

Argued January 19, 1954; decided April 22, 1954.

*William H. Stieglitz, Bernard Katzen* and *Harry Schechter* for State Insurance Fund, appellant. A thirty-nine-year-old son, who had been for a long time prior to his father's death and still is self-supporting and was in no way dependent upon the father for support, is not a next of kin suffering from pecuniary injury within the meaning of section 133 of the Decedent Estate Law, because the parent performed certain domestic chores around the house owned by the son with whom the parent resided without contributing to the expense of maintaining such house. (*Matter of Meng*, 96 Misc. 126, 227 N. Y. 264; *Matter of Petrasek*, 191 Misc. 9; *Matter of Baker*, 252 App. Div. 38; *Matter of Snedeker* v. *Snedeker*, 164 N. Y. 58; *Matter of Barker*, 134 Misc. 833; *Matter of Uravic*, 142 Misc. 775; *Matter of Sintyago*, 198 Misc. 776; *Matter of Kaiser*, 198 Misc. 582; *Tumolo* v. *Reading Co.*, 52 F. Supp. 956; *Matter of Skakandy* v. *Wreckers & Excavators, Inc.*, 274 App. Div. 220; *Matter of Zirpola* v. *T. & E. Casselman, Inc.*, 237 N. Y. 367.)

*Robert Lee Moore* and *Ernest Griffin Allen* for respondent. I. The evidence adduced before the trial court was more than sufficient to justify a finding that the son, Charles Gross, suffered a pecuniary loss of at least 15% of the amount recovered for the wrongful death of his father. II. Section 133 of the Decedent Estate Law was amended recently to substitute the test of '' pecuniary damages suffered '' for the inflexible Statute of Distributions. No requirement is made that the next of kin suffering the pecuniary damages be also dependents of the decedent. (*Matter of Uravic,* 142 Misc. 775; *Western Union Tel. Co.* v. *Cochran,* 277 App. Div. 625, 302 N. Y. 545, 303 N. Y. 665.) III. '' Pecuniary Injuries '' as used in sections 132 and 133 of the Decedent Estate Law have always been held to include the monetary value of loss of services of next of kin, regardless of dependency. (*Smith* v. *Lehigh Valley R. R. Co.,* 177 N. Y. 379; *Wessels* v. *State of New York,* 194 Misc. 317; *Phalen* v. *Rochester Ry. Co.,* 31 App. Div. 448.)

CONWAY, J. On December 21, 1950, plaintiff's husband, Louis C. Gross, while employed by Russell & Laurie, Inc., suffered injury arising out of and in the course of his employment through the negligence of the defendant, not his employer, and, died in consequence.

The decedent was survived by his wife and two adult children, Charles Gross and Edna Gross Brown, his married daughter.

The widow, as administratrix, instituted a third-party action against defendant upon two causes of action, the first for pain and suffering endured by the decedent between the date of the accident and date of death, and the second cause of action, pursuant to section 130 of the Decedent Estate Law, for his wrongful death.

The plaintiff recovered the sum of $5,000 on the first cause of action and $10,500 on the second.

In accordance with the provisions of section 133 of the Decedent Estate Law, plaintiff made an application to apportion the damages recovered in the wrongful death action. Plaintiff requested that the recovery be apportioned to the extent of two thirds to herself and one third to her son. No claim was made for a distributive share on behalf of the adult married daughter.

Plaintiff's motion was granted to the extent that the damages in the amount of $10,500 were apportioned 85% to the plaintiff and 15% to the son.

The testimony of the son as to the pecuniary damages suffered by him was in substance as follows: He was an adult son of the decedent gainfully employed in the United States Post Office; the decedent and his wife lived with the son at his home, rent free; the decedent was gainfully employed up to the date of death and used his pay to support his wife and himself; the decedent helped with " the housework around my house, took care of the furnace, ashes, painting and other little carpenter work, grass, cleaning the walks, ice and such things as that "; that the value of his father's services rendered to him " would be at least $10.00 a week ". It was stipulated by counsel as a fact that decedent also supplied " the food for the house."

The State Insurance Fund, as the insurance carrier for the employer of the decedent, paid workmen's compensation in the sum of $64 and medical expenses of $720.62 during the decedent's lifetime. It has also paid, and since January 9, 1951, is still paying, to the widow a weekly death benefit of $15.36. In addition it has paid $400 for funeral expenses.

Section 29 of the Workmen's Compensation Law provides that if an employee be injured under circumstances entitling him to compensation through the wrongful act of another, not in the same employ, he, or in the case of death, his dependents, may accept workmen's compensation and commence an action against the third-party wrongdoer. The compensation carrier, in such case, has a lien for all payments of compensation and medical care upon any recovery effected in such action and is entitled to reimbursement therefrom. If the recovery in the third-party action is less than the compensation payable, it is applied to the lien and the claimant is entitled thereafter to deficiency payments from the employer and his insurance carrier.

Thus, subdivision 4 of section 29 of the Workmen's Compensation Law reads: " If such injured employee, or in case of death, his dependents, proceed against such other, the state insurance fund, person, association, corporation, or insurance carrier, as the case may be, shall contribute only the deficiency,

if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case.''

The widow and not the son is a '' dependent '' within the meaning of the Workmen's Compensation Law. So, it will be seen that the larger the share of the recovery received by the widow from the wrongful death action, the less is the compensation required to be paid by the carrier.

The carrier contends that unless a child, minor or adult, is in some manner *dependent* upon a parent, that is, expectant of pecuniary assistance from the continued life of the parent, he has suffered no pecuniary injury by reason of the death of the parent and cannot share in the recovery of the proceeds of the action for the wrongful death. The respondent's position is that there is no requirement that the next of kin, in addition to suffering pecuniary damages, be *dependents* of the decedent.

Accordingly, the sole issue here is whether one who is not a '' dependent '' can sustain '' pecuniary injury '' within the meaning of section 133 of the Decedent Estate Law. That section provides for distribution of the proceeds of a wrongful death action as follows: '' The damages recovered in an action, as prescribed in this article, or obtained through settlement without action, are exclusively for the benefits of the decedent's husband or wife, and *next of kin,* except as hereinafter otherwise provided; and, when they are collected, they must be distributed by the plaintiff, or representative, to any or all of such husband or wife and *next of kin,* in proportion to the *pecuniary injuries* suffered, the proportions to be determined upon notice to all interested persons in such manner as the court shall deem proper and after a hearing at such time as the court may direct, upon application made by the plaintiff or representative or by the husband or wife or any next of kin. If no action is brought, such determination shall be made by the surrogate of the county where letters have been issued. If an action is brought, the said proportions shall be determined by the court having jurisdiction of the action or by the surrogate of the county wherein letters have been issued to the plaintiff. \* \* \* '' (Emphasis supplied.)

The term " next of kin " as used in section 133 is defined in section 134 of the Decedent Estate Law as follows: " The term ' next of kin,' as used in the last three sections of this article includes all those entitled under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife, except if decedent leaves surviving a father and mother but no widow, child or descendant, it shall mean both the father and the mother."

It appears, therefore, that the two important requirements of present section 133 of the Decedent Estate Law are, first, that persons claiming a share in the proceeds of an action for wrongful death be members of the class of " next of kin " of the decedent as defined in the Decedent Estate Law, and, second, that they demonstrate *a pecuniary loss or injury* so that it may be determined what proportion of the proceeds should be awarded to them.

Prior to 1949 section 133 had provided that damages recovered in a wrongful death action were to be distributed " as if they were unbequeathed assets ", i.e., pursuant to section 83 of the Decedent Estate Law. In 1949 it was amended to its present form. The only change effected by the amendment was that proof of pecuniary injury is now required to be shown in order to determine the proportionate shares to which the respective next of kin are entitled as opposed to the former section which awarded those shares in accordance with the provisions of section 83 of the Decedent Estate Law.

The purpose and effect of the amendment was to eliminate the injustice which had resulted from the unalterable distribution of damages pursuant to the provisions of the Statute of Distribution. The Legislature did not alter the definition of the class of persons entitled to share in the recovery — next of kin — but merely imposed a condition to the sharing in the recovery by persons of that class, viz., that of pecuniary injury. There is nothing in the language used which indicates an intention to change the elements of what had previously been held to constitute pecuniary injury.

In this case the finding of fact, affirmed by the Appellate Division, that the wife suffered pecuniary loss to the extent of 85% and the son to the extent of 15% is conclusive, since it is based upon substantial evidence.

Nevertheless, the carrier asks that " pecuniary injury " as used in section 133 be defined to mean that loss which a *dependent next of kin suffers* by reason of the death. That would not be in accord with the provision of section 132 of the Decedent Estate Law that the damages for wrongful death awarded to plaintiff " be a fair and just compensation for the *pecuniary injuries,* resulting from the decedent's death ", to the persons for whose benefit the action is brought. Those persons under section 130 of the Decedent Estate Law are " husband, wife, or next of kin ". We have written squarely on the point. In *Tilley* v. *Hudson Riv. R. R. Co.* (24 N. Y. 471, 474, DENIO, J.) we said with reference to the wrongful death statute: " Next of kin are embraced in its language, as parties who may be *pecuniarily injured* by the death of a person to whom they stand in that relation; and it is not required that the degree of kindred should be such as to create the duty of sustenance, support or education." (Emphasis added.) And, in *McIntyre* v. *New York Central R. R. Co.* (37 N. Y. 287, 295–296), in a concurring opinion by FULLERTON, J., we said: " It is true that these children were away from home, probably of full age, and *not immediately dependent upon their mother for support.* But the evidence also shows that they were not beyond the reach of a mother's care and bounty. Out of her earnings, insignificant as they were proved to be, she provided small articles of clothing for them, and the jury had a right to find that her death involved them in a pecuniary loss." (Emphasis supplied.)

It is clear from the foregoing that dependency is not the only basis for consideration when arriving at the pecuniary damages suffered by a " next of kin ".

The order of the Appellate Division should be affirmed, with costs.

LEWIS, Ch. J., DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Order affirmed.