Maximilian Moss, S.
The proposed compromise of the causes of action for conscious pain and suffering and for wrongful death of decedent is approved. The compensation of petitioner’s attorney is fixed and allowed in the requested amount, to include all disbursements and to cover all services rendered and *48 to be rendered. Petitioner will be reimbursed for funeral expenses and the cost of the monument paid by her in the stated amounts. These amounts and the amount of the hospital bill shall be paid out of the recovery for personal injuries to the extent possible and the balance out of the recovery for wrongful death (cf. Matter of Shapiro, 116 N. Y. S. 2d 780).
Decedent was survived by three adult children, five adult children of a predeceased daughter and three minor children of a predeceased son. No claim however is made by any of the parties for pecuniary injuries suffered by reason of decedent’s death; nor is there any indication of dependency which would be an element of pecuniary loss (see Matter of Pridell, 206 Misc. 316). Prior to 1949, section 133 of the Decedent Estate Law had provided that damages recovered in a wrongful death action were to be distributed “as if they were unbequeathed assets ”, i.e., pursuant to section 83 of the Decedent Estate Law. In 1949, the statute was amended (L. 1949, ch. 639) in its present form. The only change effected by the amendment was to require proof of pecuniary injury in order to determine the proportionate shares to which the surviving spouse and respective next of kin were entitled, as opposed to the former rule which determined their shares in accordance with the provisions of section 83. The Legislature did not alter the definition of the class of persons entitled to share, namely the spouse and next of kin, but merely imposed the condition of pecuniary injury. (See Gross v. Abraham, 306 N. Y. 525, 530.) It follows that where such proof is not at hand and the condition cannot be met, as here, no determination of distribution is possible based upon any relative pecuniary injuries suffered by those entitled to share in the recovery for wrongful death of the decedent. Under these circumstances the damages recovered must still be treated as if they were unbequeathed assets and distributed pursuant to section 83 of the Decedent Estate Law. Consequently, the net proceeds herein are to be distributed in five equal shares as follows: one to each of decedent’s three surviving children, one to be divided among the five adult grandchildren, and one to be paid to the mother of the three minor grandchildren for their equal use and profit. Settle decree on notice.