Maximilian Moss, S.
The compromise of the cause of action for wrongful death of decedent is approved. Petitioner is authorized to pay the balance of decedent’s funeral expenses. Decedent was 50 years of age at the time of her death and left her surviving a husband age 55, an infant child 17 years of age and five adult children.
Decedent’s infant son, James, was gainfully employed, earning $40 per week at the time of decedent’s death and was not dependent upon decedent for support and maintenance. *578 Decedent was employed as a nurses’ aid and earned about $20 a month less than said infant. Since he was self-supporting and not dependent on decedent he is not entitled to share in the wrongful death recovery (Matter of Di Gangi, 135 N. Y. S. 2d 58). Two of decedent’s adult daughters were incompetent and confined in State hospitals. One of said daughters, Doris, was married and has since been discharged from the hospital. The obligation to support and maintain decedent’s married daughter is primarily that of her husband. Decedent’s daughter Margaret is unmarried and still hospitalized.
The proceeds recovered for wrongful death are distributable to decedent’s spouse and next of kin in proportion to the pecuniary injuries suffered. Under the facts and circumstances of this case, the court determines that the husband suffered pecuniary loss to the extent of 85% and decedent’s incompetent adult daughter, Margaret, 15%. The distributable share payable to Margaret, shall be paid to the superintendent of the institution where she is hospitalized, for her use and benefit (Gross v. Abraham, 306 N. Y. 525; Surrogate’s Ct. Act, § 271). The proceeds of the wrongful death recovery form no part of decedent’s general estate and are not subject to payment of decedent’s debts. The alleged claim of decedent’s employer, for money loaned to decedent, is disallowed (Baldwin v. Powell, 45 N. Y. S. 2d 785; Matter of Ehret, 247 App. Div. 456; Central N. Y. Coach Lines v. Syracuse Herald Co., 277 N. Y. 110; Decedent Estate Law, § 133).
The compensation and disbursements of petitioner’s attorneys are approved in the amounts set forth in the account, which shall include all services rendered and to be rendered to the entry of decree and distribution thereunder.
Settle decree on notice.