■ EDWARD BUSH et al., Respondents, v. HENRY PEARSON, Appellant.— Appeal by defendant from an order of the Supreme Court which set aside a jury verdict of no cause of action in an automobile negligence case as contrary to the weight of evidence, and ordered a new trial. Defendant's wife was driving his car when it crossed the center line of a two-lane highway and collided with plaintiffs' car, which was proceeding in the opposite direction, on defendant's wrong side of the highway. The accident happened on a 90-degree curve or turn, posted by a sign limiting speed to 15 miles per hour (presumably for a dry road or at least a nonicy road). Defendant's wife testified that at such sign she reduced her speed to 15 miles per hour, and proceeded downgrade at such speed; that she saw the isolated patch of ice on her side of the highway before she got to it; that she did not further reduce her speed and skidded upon the patch of ice, resulting in the collision. The fact that the plaintiffs made no motion for a directed verdict is not controlling. The trial court implied a question of fact when it set the verdict aside as against the weight of evidence. The trial court heard the evidence and it should be allowed considerable latitude in the exercise of its discretion when determining the weight of evidence. Not every "skidding" case is controlled by *Galbraith* v. *Busch* (267 N. Y. 230), or *Lo Piccolo* v. *Knight of Rest Prods. Corp.* (7 A D 2d 369, affd. 9 N Y 2d 662). Where there is evidence of the facts and circumstances preceding and leading up to the skid and permitting a determination as to the cause of it, each case must stand upon its own facts. We do not think the trial court abused its discretion in setting aside this verdict. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.