■ EILEEN A. LYONS, Appellant v R. ARDEN DE VORE, as Administrator of the Estate of JUDITH A. AMUNDSON, Deceased, Respondent. PHILLIP KIRK, as Administrator of the Estate of STEPHEN A. KIRK, Deceased, Respondent, v EILEEN A. LYONS et al., Appellants.—Appeals from judgments of the Supreme Court, entered March 13, 1974 and April 4, 1974 respectively in Tompkins County, upon verdicts rendered at a Trial Term and an order of the same court denying defendants' motions to set aside the verdicts. On September 29, 1972, at approximately 5:00 P.M., on a two-lane highway near Canandaigua, New York, a car operated by Eileen Lyons in a westerly direction, collided with a car operated by Judith Amundson, with Stephen Kirk as a passenger, in an easterly direction. Judith Amundson and Stephen Kirk were killed in the accident and Eileen Lyons testified that she had no recollection of the happening of the accident. The action brought by Eileen Lyons against the estate of Judith Amundson and the action brought on behalf of Phillip Kirk as administrator of Stephen Kirk against Eileen Lyons et al., and the estate of Judith Amundson were tried jointly and a verdict was returned in favor of plaintiff Kirk against both defendants in the sum of $30,000 with the negligence apportioned 30% to the driver Lyons and 70% to the driver Amundson and a verdict of no cause for action in the case of Eileen Lyons. The plaintiff Lyons appeals the verdict as against the weight of the evidence and on the further grounds of erroneous rulings by the trial court. The defendant De Vore, as administrator of the estate of Judith Amundson, appeals from the verdict in favor of plaintiff Kirk as being excessive. The sole witness to the accident was driving a truck in an easterly direction behind the Amundson vehicle and testified that the Amundson vehicle, a second or split-second before the accident, veered into the lane of the Lyons car. The State Police officers who investigated the accident placed the point of impact approximately 12 inches over the center line and into the Lyons lane of traffic. The State Police officer estimated the width of the Lyons vehicle to be six to seven feet and the point of impact to be on the front of that vehicle. Photographs of the Lyons vehicle were admitted into evidence. The investigating officers also testified as to gouge marks found on both sides of the center line of the highway. Although the one eyewitness testified that the Amundson vehicle veered into the Lyons

lane of traffic, there was enough evidence from the photographs and the gouge marks and the testimony of the police from which the jury might conclude that the Lyons vehicle was also over the center line. Such questions should be "left open to factual judgments of the jury where the record shows a skid, or the explanation for a skid, or a *car on the wrong side of the road,* or the explanation of why it is there" *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 136; emphasis supplied). A verdict such as the instant one can only be set aside if the evidence is so preponderant in the plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence *(Marton v McCasland,* 16 AD2d 781). On this record, the fair interpretation of the evidence can support this verdict. Therefore, we find no reason to disturb the trial court's decision not to set aside the jury's determination *(Bush v Pearson,* 17 AD2d 1012). We have reviewed the charge to which there were no exceptions and determine that it did incorporate the factual contentions of the parties in respect to the legal principles charged *(Green v Downs,* 27 NY2d 205). We do not find error in the charge in respect to the emergency rule, which rule the court applied to drivers of both cars. The trial court permitted plaintiff Kirk to amend the pleadings to conform to the proof by including an allegation that defendant Lyons had failed to keep to the right. We do not find this to be error (CPLR 3025, subd. [c]; *Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498). The award of $30,000 for the wrongful death of Stephen A. Kirk is not excessive and should not be disturbed. The measure of damages for pecuniary loss is complex in nature. It must take into consideration the decedent's working habits, present position, potential for advancement and responsibility and the life expectancy of the decedent and his survivors as well as many other elements. Viewing the record in this light, the award must be sustained. It is not excessive and does not require intervention by the appellate court *(Sandor v Katz,* 27 AD2d 766; *Neddo v State of New York,* 275 App Div 492, aff'd 300 NY 533). Judgment affirmed, with costs. Greenblott, J. P., Main and Larkin, JJ., concur; Kane and Reynolds, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). In our view, the defendant Amundson was not entitled to a charge of the emergency rule. The only evidence describing the happening of the accident came from the testimony of an eyewitness who stated the Amundson vehicle veered into the lane of the oncoming Lyons vehicle. The actual point of impact was determined, in the most part, from physical facts, and there is no evidence as to what course the Lyons vehicle took when it was suddenly confronted with an oncoming vehicle in the wrong lane of traffic. Neither is there any evidence, or any evidence from which an inference may be drawn, that Amundson's negligent act was not of her own creation, or that any actions of the Lyons vehicle was a proximate cause of the accident *(Palmer v Palmer,* 31 AD2d 876). In such a close case, an erroneous application of law which alters the duties of a party in a given set of facts must be considered fundamental error of such nature to require a reversal and a new trial *(Estes v Town of Big Flats,* 41 AD2d 681).