Bertram R. Gelfand, S.
In this accounting proceeding in which the sole asset is the settlement proceeds of a cause of action for wrongful death, petitioner, decedent’s spouse, contends that the entire proceeds should be distributed to her. Objectants, decedent’s parents, contend either that the petitioner is disqualified from sharing in the recovery, or in the alternative that they, as distributees of the decedent who died childless, also suffered pecuniary losses which entitle them to share in the recovery. A hearing was held pursuant to EPTL 5-4.4 (subd [a]).
Decedent at the age of 19 years, died in a multicar automobile accident on December 13, 1970. After the commencement of the trial in the Supreme Court the wrongful death action was settled for $110,000. The Supreme Court authorized the payment of attorney’s fees and disbursements and directed that the balance of the recovery be deposited in a bank account pending this court’s determination as to its distribution. It appears from the account that after the payment of hospital expenses and reimbursement of funeral expenses, there will be available for distribution to distributees $78,113.61 plus the interest earned on the funds in the bank account.
Petitioner was born on April 29, 1952. She and decedent were married on December 21, 1969, slightly less than one year prior to his death. For the first six months of the marriage, the couple lived in Boston where the decedent was attending music school. In June of 1970, they moved into objectants’ household. Decedent was not gainfully employed during the entire period of the marriage.
The proof indicates decedent was the youngest child of objectants. He appears to have enjoyed a particularly close and affectionate relationship with his parents. Notwithstanding that objectants are people of modest means, they were extremely generous to decedent at all times. They indulged his interest in music with the purchase of expensive instruments and funding for his musical education and training. This generosity did not cease upon his marriage. Although petitioner worked for a period, objectants appear to have shouldered the major burden in supporting this young couple. Objectants were 60 and 59 years of age at the time of decedent’s death. They are now semiretired and living on Social *856 Security and the modest earnings of part-time employment. It appears that the warmth of the relationship between the decedent and the objectants was reciprocal. Decedent expressed gratitude for his parents’ sacrifices and both before and after his marriage performed numerous household chores.
The burden of establishing that petitioner abandoned decedent or committed some other act which would disqualify her from sharing in the proceeds of the settlement pursuant to EPTL 5-1.2 rests upon objectants (Matter of Clare, 287 NY 768; Matter of Maiden, 284 NY 429). Neither the ripples altering the calm of this teenage voyage into matrimony nor the petitioner’s taking a brief vacation by herself comes close to meeting the requisite burden of proof required to establish disqualification. Moreover, to conclude on the evidence adduced that there was a possibility of a severance of this marital bond would require indulging in impermissible speculation (Lawler v Nucastle Motors Leasing, 35 AD2d 450, 452). Accordingly, the objection relating to the disqualification of petitioner and requesting that she be denied any share of the settlement proceeds is denied.
However, the objectants are not precluded from sharing in the recovery as distributees merely because the petitioner is the sole distributee whom the decedent had a legal obligation to support. The statutory history leading to the present provisions of EPTL 5-4.4 is an example of the Legislature moving away from rigid rules because the expediency of not having to examine the equities of each case is too dear a price for the injustices resulting from rigid formulas which are insensitive to varying fact patterns. The predecessor to EPTL 5-4.4 (Decedent Estate Law, § 133) was amended to change the unalterable disposition required under the prior rule that if there was a surviving spouse and no living children, neither the grandchildren nor parents who were distributees could share in the proceeds of a wrongful death action and also to change the prior requirement that the net proceeds had to be distributed in accordance with the laws of intestacy (Gross v Abraham, 306 NY 525, 530; 9A Rohan, NY Civ Prac, pars 5-4.4 [1], 5-4.4 [2]).
Under the present statute a distributee may suffer pecuniary damages even if he is not a dependent of the decedent and the decedent had surviving distributees who were dependent upon him (De Clara v Barber S. S. Lines, 309 NY 620; Gross v Abraham, supra). This rule in no way diminishes the impor *857 tance of dependency and the expected number of years of such dependency in computing a projection of the pecuniary loss suffered by the various distributees of a decedent. The flexibility of the existing statute permits the court to consider all of the factors in determining whether a distributee has a reasonable expectancy of future assistance from a decedent (Loetsch v New York City Omnibus Corp. 291 NY 308, 310). These factors include, inter alla, the relationship existing between the decedent and his surviving distributees (Murphy v Erie R. R. Co. 202 NY 242), the situation of the distributees, their circumstances and condition in life (Grasso v State of New York, 177 Misc 690, affd 264 App Div 745, affd 289 NY 552), the decedent’s voluntarily providing beneficial services to the distributees (Gross v Abraham, supra), and all other evidence showing a disposition on the part of decedent to provide assistance to a distributee (Loetsch v New York City Omnibus Corp., supra). When fairness dictated the courts have not hesitated to distribute the proceeds from a wrongful death action on a basis other than legal dependency or prior support furnished to the distributee (Gross v Abraham, supra; 85% to the surviving spouse and 15% to a self-supporting adult son with whom decedent and spouse resided; Kelley v Cacace, 43 AD2d 573; 25% to decedent’s father on the basis that the parental ties remained intact and considering that the father was in ill health and out of work, he had a reasonable expectation of support from the son notwithstanding that he had not received any support in the past; Matter of Signs, 52 Misc 2d 634; 5.73% to a daughter who was not living at home, was employed and married after decedent’s death; Matter of Washington, 16 Misc 2d 577; 15% to an incompetent adult daughter).
Considering all of the relevant criteria, it cannot be concluded that the pecuniary loss suffered by objectants equals the loss of decedent’s teenage bride. Nevertheless, it is evident that the ties between decedent and his parents were strong and during his all-too-short lifetime he evinced a gratefulness for their sacrifices which leads to the conclusion that these people of modest means, who, were approaching the age of retirement, could reasonably expect that the decedent would provide significant assistance to them both in performing services gratis and in financial contribution. Accordingly, it is determined that the net settlement proceeds shall be distributed 75% to petitioner and 12.5% to each objectant.
*858 The proof fails to establish the fact that petitioner did not assert any claim in the negligence action for the loss sustained by objectants represents a basis for objectants not receiving their proportionate share of the settlement or a basis for levying any penalty upon petitioner. The remaining objections to the account are dismissed. The proposed disbursements in Schedule "B” of the account are approved.