■ EVA FREEMAN, as Administratrix of the Estate of GALLOWAY FREEMAN, JR., Deceased, Appellant, v CORBIN AVENUE BUS COMPANY et al., Respondents.—Judgment, Supreme Court, New York County, entered May 28, 1976, on a jury verdict in a wrongful death action, awarding plaintiff the sum of $931.50, is unanimously modified, on the law and the facts, to the extent of reversing the judgment so far as it denies any damages for the benefit of the children and a new trial is directed solely on the issue of damages for the benefit of the children only, and otherwise affirmed, unless within 20 days after service upon defendants of a copy of the order entered hereon, with notice of entry, defendants serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict by the sum of $10,000 (to which shall be added interest as directed by EPTL 5-4.3), for the benefit of the children, and to the entry of an amended judgment in accordance therewith. If defendants so stipulate, the judgment, as modified, is unanimously affirmed. No costs are awarded. An earlier trial resulted in a judgment for $130,000 which this court reversed as excessive, directing a new trial as to damages only, unless plaintiff should stipulate to reduce the verdict to $50,000 (46 AD2d 747). Plaintiff failed to so stipulate; a new trial was held; and on that new trial, the recovery was only

the funeral expenses. Plaintiff appeals from that judgment. The major error urged by plaintiff on this appeal is the receipt in evidence of various allegedly confidential records of the Department of Social Services (Welfare), Pilgrim State Hospital, the Family Court, a record of conviction of the decedent, and certain probation reports. These records were relevant, as in a wrongful death action the jury is "entitled to know the amount the deceased earned, his habits, the relations existing between the wife and him and the position he has taken in respect to his obligations to support her" *(Wilkinson v Boehm,* 231 App Div 295, 296). In a wrongful death action, the plaintiff tenders the issue of pecuniary loss sustained by the next of kin. "On that issue any proof as to age, sex, health, intelligence, habits, earning capacity, life expectancy and the like, was competent unless prohibited by statute" *(Eder v Cashin,* 281 App Div 456, 459). These records bore on all these issues and were thus relevant. To the extent that some of them may have been privileged, that privilege was waived by the plaintiff bringing this action, thus putting in issue the pecuniary loss suffered by next of kin and thus the evidentiary matter to which we have referred *(Eder v Cashin, supra; Koump v Smith,* 25 NY2d 287). These records were all records kept by the respective agencies in the regular course of their business. Portions read consisted either of statements of plaintiff, admissible as admissions; or records of court action; or hospital records of diagnosis and treatment. The Trial Judge redacted the hospital records so as to exclude statements by the decedent. They were thus (with the possible exception of the probation reports) competent. The probation reports do present a problem under *Johnson v Lutz* (253 NY 124) as to the source of the information upon which the entries were made. But this information was all duplicative of matter in the other records and much of it indeed not disputed. Taking the testimony at its most favorable to the defendants, as we are required to do on this appeal, the jury could have found that decedent and his wife were at least informally separated; that plaintiff wife was for some period at least living with another man whom she referred to as her common-law husband, intending to obtain a divorce from decedent; that decedent's last contribution towards the support of the family was in 1967, three years before his death; that that contribution was $30; that decedent had threatened to kill plaintiff wife with acid and a gun; that he had deliberately burned the apartment in which plaintiff wife resided with their children; that he had been convicted of arson and was sentenced to 2 to 4 years' imprisonment; that plaintiff wife was afraid of him and did not want him to know where she resided; that for some years before decedent's death, plaintiff wife did not know of his whereabouts; that plaintiff wife had made at least four applications to the Family Court for orders of protection and support; and that decedent was an alcoholic and had spent substantial periods of time in mental hospitals as a result thereof. On the basis of this evidence, we cannot say that the jury was wrong in holding that plaintiff wife had suffered no pecuniary damages from decedent's death and, thus, making only the award for funeral expenses as required by statute. (EPTL 5-4.3.) With respect to the children, however, the situation is somewhat different. Nothing their mother or father did could deprive them of their right to support from the father, difficult as that might be to enforce. The father seems to have been earning, when he worked, approximately $6,000 per year. At the time of his death in 1970, the children were 15, 13 and 12 years of age, respectively. In these circumstances, we think the children were entitled to some recovery consistent with the realities of their father's economic and physical condition, his attitude to them, and of course the

number of years left before they would reach majority. Accordingly, we think that at least $10,000 should have been awarded for the benefit of the children to be distributed among them pursuant to EPTL 5-4.4. Concur—Murphy, P. J., Kupferman, Lupiano and Silverman, JJ.