Irene McCLUSKEY, individually and as Administratrix of the Estate of Joseph M. Boland, Michael Boland and Mary Boland, Plaintiffs,

v.

The UNITED STATES of America, Holmes Ambulance Company and "John Doe", Defendants.

No. 82 Civ. 5997.

United States District Court, S.D. New York.

May 11, 1983.

Walter A. Lesnevich, New York City, for plaintiffs.

John S. Martin, Jr., U.S. Atty. S.D.N.Y., New York City, for defendant United States of America; Marc H. Rosenbaum, Asst. U.S. Atty., New York City, of counsel.

Acito & Klein, P.C., New York City, for defendants Holmes Ambulance Co. and Ralph Capella s/h/a "John Doe"; James P. Drohan, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is an action to recover damages for the wrongful death of Joseph M. Boland ("Boland") brought by his mother, father and sister against the United States of America, the Holmes Ambulance Service ("Holmes"), and the driver of the Holmes ambulette which undertook to transport Boland from the Day Center of the New York Regional Office of the Veterans Administration ("VA") to the Bronx VA Medical Center. In brief, the facts alleged by the complaint are as follows: On February 26, 1981, the decedent was at the New York Day Center of the VA. He became ill and personnel there decided to transfer him to the Bronx VA Medical Center through

Holmes. At about 2:50 p.m. of that day, Boland was delivered into the care and custody of Holmes for transportation to the Bronx facility, where Boland's family awaited his arrival. The decedent, however, never arrived. Instead, at midnight, nine hours after he had been placed in the custody of Holmes by VA personnel, he was struck and killed by an automobile while he was staggering across the Major Deegan Expressway, located not too far from the Bronx VA Medical Center. He was taken to Jacobi Hospital, where he was pronounced dead at 1:40 a.m. The pleadings do not indicate how Boland reached the highway.

The defendants move to compel plaintiffs to produce certain medical records of Mary Boland, the mother of the decedent and one of the plaintiffs herein. The pecuniary loss alleged in the complaint includes payments which the decedent would have made to his mother during his lifetime. Thus her life expectancy will be one of the factors determining the amount of pecuniary loss suffered. Defendants, based upon information that Mrs. Boland is suffering from some form of kidney disease, seek production of her medical records as relevant on the issue of her life expectancy and the period of likely payments to her had decedent survived her. Plaintiffs' counsel has refused to produce the records, contending that mortality tables alone are to be used in determining a beneficiary's expectancy, in reliance upon *Briscoe v. United States.*[1]

Plaintiffs' counsel incorrectly reads the *Briscoe* case as a limitation of inquiry with respect to matters that pertain to the actual life expectancy of a beneficiary of a decedent. The mortality tables are but one factor. The health, habits and activities of the decedent, as well as his dependents, and their respective life expectancies, are also relevant. In a wrongful

death action, the plaintiff tenders the issue of pecuniary loss sustained by the next of kin who claim deprivation of support. On that issue, proof as to age, sex, health, life expectancy, and the like is competent.[2] The records sought bear on these issues and thus are relevant. To the extent they may be privileged, that privilege is waived by the bringing of this action, thus putting into issue the pecuniary loss suffered by the next of kin.[3]

Plaintiffs' counsel shall produce the records sought within five days from date.

So ordered.

**1.** 65 F.2d 404 (2d Cir.1933).

**2.** *See Ramsey v. Ross,* 85 F.2d 685, 686 (D.C. Cir.1936); *Franchell v. Sims,* 73 App.Div.2d 1, 424 N.Y.S.2d 959, 962 (App.Div.1980) ("Among the myriad factors to be considered are the decedent's physical status—which includes fac-

tors such as age, sex, life expectancy, state of health, habits ...—[and the beneficiaries'] health, age, and circumstances.")

**3.** *Freeman v. Corbin Bus Co.,* 60 App.Div.2d 824, 401 N.Y.S.2d 224, 225 (App.Div.1978).