■ In the Matter of the Estate of ROBERT C. CLARK, Deceased. JUSTIN EARLE, Appellant; ALICE L. SOPER, as Administratrix of the Estate of ROBERT C. CLARK, Deceased, et al., Respondents.—Yesawich, Jr., J. Appeal from a decree of the Surrogate's Court of Essex County (Garvey, S.), entered May 29, 1985, which dismissed petitioner's application for letters of administration and granted respondent Alice Lozier Soper's cross petition for letters of administration.

The parties have filed competing petitions to administer the estate of decedent, Robert Charles Clark. Petitioner, Justin Earle, is decedent's maternal half brother; their mother predeceased decedent, who died leaving no issue. Robert Cecil Clark, decedent's father, has assigned his interest in the estate to respondent Alice Lozier Soper (hereinafter respondent), decedent's self-styled common-law wife for some 35 years. It is petitioner's contention that decedent's father failed to provide for and abandoned decedent from 1934 until 1952 or 1954; hence, neither he, nor in turn his assignee, is entitled to share in the estate (see, EPTL 4-1.4).

At a Surrogate's Court hearing held to determine whether decedent's father, living in Oregon, should be disqualified from inheriting from the child he allegedly abandoned, petitioner and two of decedent's longtime friends attested to the following: decedent was born in 1924; his father left the family domicile in the mid-1930's; a few years later, decedent's mother remarried and gave birth to petitioner in 1938; decedent, at the age of 18, enlisted in the Army and served for an indeterminate time; afterward, he returned to the Earle homestead to reside; in 1954, he received an unexpected letter from his natural father. The Surrogate found this, the sum total of the evidence of abandonment, inadequate and, accordingly, granted respondent's motion, made at the close of petitioner's proof, for a directed verdict dismissing the petition. In its decree, the court ordered also that letters of administration be issued to respondent. Petitioner appeals.

Because "[t]he burden to establish abandonment is and remains at all times upon those asserting it" (Matter of Maiden, 284 NY 429, 431) and a mere showing of departure from the family domicile, all that petitioner's proof manifested here, does not, alone, establish a prima facie case (supra, at p 432), we affirm. Petitioner's infancy during decedent's minority years precluded him from shedding any light on the contacts then, if any, between the absent father and his son; similarly, decedent's two childhood friends only corroborated the absence of the father.

Decree affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.