DOROTHY D. HANSON, Individually and as Administratrix of the Estate of ROBERT HANSON, JR., Deceased, Respondent, v COUNTY OF ERIE, Respondent, and ROBERT J. HANSON, SR., Intervenor-Appellant.

Fourth Department, November 10, 1986

## APPEARANCES OF COUNSEL

*William D. Scott* for intervenor-appellant.

*Roy Carlisi, Jr.,* for Dorothy Hanson, respondent.

*Brown, Maloney, Gallup, Roach & Busteed* for County of Erie, respondent.

## OPINION OF THE COURT

DILLON, P. J.

■ Where the sole distributees of a deceased child are divorced parents, neither of whom is disqualified under EPTL 4-1.4 from taking a distributive share in the child's estate, it does not automatically follow that damages awarded for the wrongful death of the child must be distributed in equal shares to the surviving parents. We thus decline to adopt the decision in *Matter of Smith* (103 Misc 2d 619), where the Surrogate held that unless a divorced father had abandoned the child, he must be awarded an equal share of the proceeds of such an action.

Dorothy D. Hanson and Robert J. Hanson, Sr., were divorced in 1971 and are the surviving parents of Robert Hanson, Jr., who, in 1977 at age 16, died in a drowning accident. This action for wrongful death and conscious pain and suffering was brought by the mother, individually and as administratrix of the estate of her deceased child. The father was permitted to intervene, and ultimately the action was settled for $30,000. Following a hearing pursuant to EPTL 5-4.4 (a) (1), the court apportioned the damages as follows: $10,000 for attorney's fees; $12,000 for decedent's conscious pain and suffering; and $8,000 for decedent's wrongful death. The damages for conscious pain and suffering were divided equally

between the parents as decedent's only distributees. As to the damages for wrongful death, however, the court found that the father had suffered no pecuniary loss, and the entire $8,000 was awarded to the mother.

It is the distribution of the wrongful death damages that presents the principal issue on this appeal. The father contends that since he had not abandoned decedent, the court was required as a matter of law to distribute those damages to the parents in equal shares. We disagree. The applicable statutes do not require that result.

In wrongful death actions, the amount of recovery is measured by "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3 [a]). Under the rules of intestate succession, a parent who had abandoned a minor child and who had not resumed the parental relationship prior to the child's death may not share in the child's estate (EPTL 4-1.4) and thus, may not share in the damages awarded for wrongful death of the child (EPTL 5-4.4 [a] [2]).

That impediment is not presented here, however, because the hearing court found that the father had not abandoned the child. The father is entitled, therefore, to share the wrongful death damages with the mother "in proportion to the pecuniary injuries suffered by them" (EPTL 5-4.4 [a] [1]). That statutory language empowers the hearing court to determine the pecuniary loss of each parent and to distribute the damages accordingly. It also serves as authority to deprive a surviving parent of a share of such damages upon a finding, in an appropriate case, that no pecuniary injury was suffered by that parent.

We are thus led to the father's alternative contention, i.e., that the court's finding that he suffered no pecuniary loss is against the preponderance of the evidence adduced on the hearing. Since the argument has merit, the finding must be overturned (CPLR 5712 [c] [2]).

After noting that any assessment of pecuniary loss "tends to be uncertain and problematical", former Justice Cardamone of this court summed up the standards to be considered in determining pecuniary injury in a case of this sort. He wrote: "Where parents are the plaintiff beneficiaries the pecuniary injuries include loss of their child's services (67 NY Jur, Wrongful Death, § 167), not limited to the decedent's minority. Fair compensation may properly include probable, or even

possible, benefits which might inure to the parents from their child's entire life, taking into consideration the possibility of failure or misfortune *(Birkett v Knickerbocker Ice Co.,* 110 NY 504, 508; *Bowles v Rome, Watertown & Ogdensburg R. R. Co.,* 46 Hun 324, 327, affd 113 NY 643). Among the myriad factors to be considered are the decedents' physical status—which includes factors such as age, sex, life expectancy, state of health, habits; and the decedents' earning potential—i.e., character, quality, intelligence, present and future earnings and probability of means to support parents, if they are in need. Also to be viewed is the relationship between decedent and those claiming to suffer pecuniary loss and those persons' health, age and circumstances *(Windus v Baker,* 67 AD2d 833, 834; *Freeman v Corbin Ave. Bus Co.,* 60 AD2d 824, 825; *Lyons v De Vore,* 48 AD2d 943, 944, affd 39 NY2d 971; *Tenczar v Milligan,* 47 AD2d 773, 775)." *(Franchell v Sims,* 73 AD2d 1, 5-6.)

While the record on this appeal does not include evidence relating to all of those factors, it is nevertheless sufficient to support new findings of fact *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498). It is uncontested that the father enjoyed a loving and communicative relationship with decedent. The father exercised his visitation rights with some degree of frequency and there is uncontradicted evidence of conversations between the father and son about the possibility of entering into a business venture together. Given the father's marital status as a divorced parent, his relationship with his son may be characterized as normal in the circumstances. Moreover, the proof demonstrates that decedent was disposed to render assistance to a parent in need. In sum, the record supports a finding that the father had a reasonable expectation of future assistance from the decedent and he was thus entitled to a distributive share of the wrongful death damages *(see, Loetsch v New York City Omnibus Corp.,* 291 NY 308, 310-311; *Matter of Mairowitz,* 90 Misc 2d 854, 857).

That the mother suffered pecuniary injury is not disputed. Following the parties' divorce, she had care and custody of decedent, and he resided with her until his death. For some time prior to his death he had been contributing substantially to his mother's support. Her pecuniary loss is compellingly demonstrated *(see,* Rohan, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 5-4.3, p 497) and far exceeds that of the father. We conclude, therefore, that the damages collected for the wrongful death of decedent should

be distributed 80% to the mother Dorothy D. Hanson and 20% to the father Robert J. Hanson, Sr.

■ Finally, we note that the court erred in apportioning the disbursements of $1,013 incurred by the attorney representing the estate. Disbursements properly chargeable to the enforcement of a claim or prosecution of an action are to be deducted from the amount recovered prior to the computation of the attorney's fees (22 NYCRR 1022.31).

We have reviewed the other issues raised on appeal and find them to be without merit.

The order should be modified in accordance with this opinion, and, as modified, it should be affirmed.

CALLAHAN, BOOMER, BALIO and LAWTON, JJ., concur.

Order unanimously modified, on the law and facts, and, as modified, affirmed, without costs, in accordance with opinion by Dillon, P. J.