█ In the Matter of the Estate of JEREMIAH C. BRENNAN, Also Known as GEREMIAH C. BRENNAN, Deceased. DARLA VINCENT, as Administrator of the Estate of JEREMIAH C. BRENNAN, Also Known as GEREMIAH C. BRENNAN, Deceased, Respondent; ROY BRENNAN, Appellant.—Casey, J. Appeal from a decree of the Surrogate's Court of Greene County (Fromer, S.), entered July 14, 1989, which, *inter alia,* adjudged that respondent was not entitled to any share of the proceeds from a wrongful death action involving decedent.

EPTL 4-1.4 (a) provides that "[n]o distributive share in the estate of a deceased child shall be allowed to a parent who has failed or refused to provide for, or has abandoned such child". The sole issue on this appeal is whether the evidence in the record supports the application of this provision by Surrogate's Court to respondent, the father of the deceased child whose death in 1987 resulted in a wrongful death action. We agree with respondent's claim that the evidence does not support a finding of abandonment, but there is ample evidence in the record to support the finding by Surrogate's Court that respondent failed to provide for his child. The decree denying respondent any share of the proceeds resulting from the wrongful death action should, therefore, be affirmed.

Petitioner, decedent's mother, and respondent, the father, were divorced in 1978 and petitioner obtained a Family Court order in 1979 directing respondent to pay $25 per week in child support. Respondent moved to Florida and from 1979 through 1987 made child support payments totaling $350. Respondent also gave three or four presents to his son during this period. Respondent contends that he was unable to fully support his son and provided for him to the limit of his ability, but the record establishes that respondent was employed full or part time, or was receiving unemployment

insurance benefits, during a substantial portion of the period when his efforts to support his child were meager at best. Respondent essentially concedes that he failed to provide for his son, arguing instead that he had no obligation to do so since petitioner's new husband voluntarily assumed the support of the child. The argument is meritless. EPTL 4-4.1 (a) requires only that the parent fail to provide for his child; it does not require that there also be no other means of support for the child, voluntary or otherwise. The statute denies inheritance rights to a parent who has reneged on the parental obligation to support his child, and that disability cannot be cured by the fortuitous fact that another person supported the child while under no legal obligation to do so.

Decree affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.