■ In the Matter of the Estate of PAUL CASSAR, Deceased. LORETTA C. CASSAR, as Limited Administratrix of the Estate of PAUL CASSAR, Deceased, Respondent-Appellant; CHARLES CASSAR, Appellant-Respondent.—Weiss, P. J. Cross appeals from a judgment of the Supreme Court (Williams, J.), entered November 18, 1991 in Sullivan County, which, *inter alia,* distributed the proceeds of a personal injury and wrongful death action.

On June 21, 1982, 10-year-old Paul Cassar died in a tragic swimming accident which ultimately resulted in a judgment against the City of New York awarding $80,000 in damages for conscious pain and suffering and $80,000 for wrongful death *(see, Cassar v Central Hudson Gas & Elec. Corp.,* 134

AD2d 672). In her petition seeking an order of distribution, petitioner, decedent's mother, alleged, *inter alia,* that respondent, decedent's father, had abandoned decedent and was not entitled to share in the proceeds. After a hearing, Supreme Court determined that respondent had not abandoned decedent and was entitled to a portion of the proceeds. Relying on *Hanson v County of Erie* (120 AD2d 135), Supreme Court concluded that the proceeds need not be evenly divided between the two parties, and observed that the lawsuit had been prosecuted solely by petitioner with little apparent concern from respondent and that primary responsibility for the care and custody of decedent had been provided by petitioner. The court awarded petitioner 74% of the net proceeds and respondent 26%. Both parties have appealed.

Petitioner argues that the record supports her contention that respondent had abandoned his family. She relies upon her own testimony and that of a friend to show that respondent had a number of extramarital affairs during the marriage and spent a large percentage of time away from the home. Petitioner herself admitted to a lengthy affair during the marriage and had remarried yet another individual on July 10, 1982, less than four months after the parties' divorce. Pursuant to a separation agreement dated March 29, 1982 and subsequently incorporated into the April 6, 1982 judgment of divorce, petitioner was given custody of the three children and respondent was to pay $75 weekly as child support. Notwithstanding her testimony that respondent's child support payments were sporadic, petitioner acknowledged that respondent experienced serious financial difficulty and that when he was able, he gave as much as he could. Although petitioner contends that respondent's child visitation was sporadic, she testified that after the parties voluntarily separated in late 1981, respondent visited with the children frequently. Petitioner testified that the visits were much less frequent in the period just prior to decedent's death, apparently due to respondent's work obligations. She conceded, however, that on the day immediately prior to decedent's death, respondent and the children attended a Father's Day picnic together. It is therefore apparent that notwithstanding the conflict in the opposing proof, petitioner has failed to establish as a matter of law either an abandonment or failure to support under EPTL 4-1.4 *(see, Matter of Clark,* 119 AD2d 947; *see also, Matter of Brennan,* 169 AD2d 1000). The record amply supports the finding by Supreme Court that no abandonment occurred.

Petitioner and respondent both contend that the allocations

made to the other were excessive. Initially, it must be noted that the portion of the judgment attributed to decedent's conscious pain and suffering became part of decedent's estate (EPTL 11-3.3 [a]; *see,* 36 NY Jur 2d, Death, §§ 42, 47, at 438, 443) and that the proceeds of an intestate estate are to be distributed pursuant to the rules of succession, in this instance equally between petitioner and respondent as the surviving parents (EPTL 4-1.1 [a] [3]; *see, Hanson v County of Erie, supra,* at 136-137). Therefore, each party is entitled to one half of the award for pain and suffering and the judgment must be modified accordingly.

We find that a different standard must be applied to the wrongful death award which is compensation for pecuniary damages resulting from the death *(see,* EPTL 5-4.3 [a]). Such an award is to be distributed in proportion to the pecuniary loss suffered (EPTL 5-4.4 [a] [1]).

Petitioner argues that the testimony established an estranged father-son relationship, tenuous and sporadic at best. Respondent, on the other hand, points to evidence of a strong loving relationship with his children and argues that the marital relationship, strained by mutual infidelity, is essentially irrelevant to the parent-child relationship. Respondent further argues that the two factors relied upon by Supreme Court for varying from an equal distribution are impermissible considerations. We agree. Damages recovered in a wrongful death action are based upon the pecuniary loss sustained by the distributees at the time of the death and cannot be affected by subsequent events *(Alberino v Long Is. Jewish-Hillside Med. Ctr.,* 87 AD2d 217; *Luddy v State of New York,* 30 AD2d 993, 994, *affd* 25 NY2d 773; *Lees v New York Consol. R. R. Co.,* 109 Misc 608, *affd* 193 App Div 882). Thus, the relative participation of each party in this litigation after the death can play no role in the distribution.

The second factor cited by Supreme Court was care and custody of decedent before his death. Absent a finding of respondent's unjustified failure to support and to visit decedent, there is no basis for an unequal distribution. Respondent sharply contested petitioner's testimony describing his failure to support and visit. Moreover, respondent's contention that he and decedent enjoyed a normal father-son relationship at the time of the accident remains unchallenged *(see, Hanson v County of Erie,* 120 AD2d 135, 138, *supra).* The record does not include either proof of petitioner's relationship with decedent, or what proof had been submitted at the underlying wrongful death trial to establish the pecuniary injury and what factors

were argued on the appeal from that judgment *(see, Cassar v Central Hudson Gas & Elec. Corp.,* 134 AD2d 672, 675, *supra).* In affirming the amount of the wrongful death award in that appeal, this Court specifically referred to both parents and the difficulty in furnishing evidence of economic loss. Unlike the factual showing in *Hanson v County of Erie (supra),* decedent here was only 10 years old and too young to have established a pattern of support to either of his parents. Thus, in the uncertain and problematic assessment of pecuniary loss for distribution purposes *(see, Parilis v Feinstein,* 49 NY2d 984; *see also, Cassar v Central Gas & Elec. Corp., supra,* at 675), there has been no demonstration that one party's loss exceeds that of the other. Accordingly, the distribution should be equal and the judgment modified accordingly.

Respondent's remaining contention that petitioner was not entitled to a commission on the wrongful death award as decedent's personal representative is without merit *(see,* EPTL 5-4.4 [b]).

Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, to reflect an equal distribution between petitioner and respondent of both the wrongful death award and the personal injury award, and, as so modified, affirmed.