■ ALEXANDER ZELIZO, as Administrator of the Estate of BRIAN J. ZELIZO, Deceased, Appellant, v MOHAMMED S. ULLAH et al., Respondents, et al., Defendants. [769 NYS2d 255]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered September 19, 2002, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendants-respondents Mohammed S. Ullah, Lydia & Son, Inc. and Mohammad A. Arif for summary judgment to the extent of dismissing plaintiff's wrongful death cause of action, unanimously reversed, on the law, without costs, the cross motion denied in all respects, the cause of action for wrongful death reinstated, and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered May 15, 2003, which, upon granting plaintiff's motion for reargument, adhered to its prior decision, unanimously dismissed, without costs, in light of the foregoing (*see* CPLR 5517 [a] [1]).

Contrary to the motion court's finding that plaintiff failed to provide any evidentiary basis for a reasonable expectation of pecuniary loss on the part of the parents as a result of the death of their 23-year-old son, who was struck by a taxicab and died of his injuries a week later, plaintiff's claim was supported by some evidence from which a jury may be able to infer that he and his wife suffered such loss.

Plaintiff's deposition testimony showed that the decedent was a cum laude graduate of the University of Notre Dame with improving job prospects as a financial analyst. Moreover, plaintiff testified, he had a close, loving relationship with his parents, was trying to repay them for his college expenses and had even sent them on an all-expenses-paid trip to Florida. Such testimony was some evidence that the decedent was predisposed to help his parents should they be in need, and that they had a reasonable expectation of future support (*see Hanson v County of Erie*, 120 AD2d 135 [1986]; *Franchell v Sims*, 73 AD2d 1 [1980]).

While the quantum of damages was not established, all plaintiff was required to do at this juncture was to establish some evidence of pecuniary loss. The calculation of the precise amount is a question for the jury (*Parilis v Feinstein*, 49 NY2d 984, 985 [1980]; *Wachowicz v Czarnecki*, 191 AD2d 994 [1993]). Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.