Jamie Ng v NYU Langone Med. Ctr. (2018 NY Slip Op 00267)





Jamie Ng v NYU Langone Med. Ctr.


2018 NY Slip Op 00267


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5468 109403/10

[*1]Jamie Ng, etc., Plaintiff-Respondent,
v
NYU Langone Medical Center, et al., Defendants-Appellants, NYU Transplant Associates, et al., Defendants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York (Elliott J. Zucker of counsel), for appellants.
Kelner & Kelner, New York (Gerard K. Ryan, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Joan B. Lobis, J.), entered July 25, 2016, which, inter alia, denied the motion of defendants NYU Langone Medical Center (NYU) and Devon G. John, M.D. for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of dismissing the claim for lack of informed consent, and otherwise affirmed, without costs.
On July 23, 2008, defendant Dr. John, a general surgeon, performed a kidney transplant on decedent, then 59-years old, at defendant NYU, after which decedent was transferred to the transplant intensive care unit (ICU). Plaintiff alleges malpractice in connection with the post-operative monitoring and care that decedent received at the ICU, leading to her death approximately 4½ hours later.
Defendants' submission of deposition transcripts, medical records, and expert affidavits based upon the same established a prima facie defense entitling them to summary judgment (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). These submissions showed that decedent's treatment did not depart from accepted medical practices or proximately cause her injuries or death. Significantly, defendants' expert general surgeon opined that it was appropriate for a third-year resident to be in charge of decedent's post-operative care, that decedent was properly monitored in the ICU, and decedent's rising blood pressure was appropriately treated, as was the subsequent hypotensive episode. There is also no issue as to the course of medication administered to decedent in the ICU, notwithstanding plaintiff's attempt to create one by reliance on an attorney's misreading of a nurse's notation while asking a question at a deposition.
However, plaintiff's expert general surgeon did raise an issue of fact as to whether defendants deviated from the standard of care in treating decedent's symptom of rising blood pressure, without addressing the alleged root cause, namely, pain and/or agitation as her anesthesia wore off and she became more alert. Indeed, the resident caring for decedent recognized signs of aggravation from the endotracheal tube and felt that it was a contributing factor to decedent's hypertension.
The court properly denied so much of the motion as sought dismissal of the wrongful death claim. Plaintiff's submission of a funeral expense bill evidenced the existence of pecuniary loss damages (see EPTL 5-4.3[a]; Gonzalez v New York City Hous. Auth., 77 NY2d 663, 668 [1991]; Zelizo v Ullah, 2 AD3d 273, 274 [1st Dept 2003]).
Plaintiff's failure to oppose so much of the motion as sought dismissal of the lack of informed consent claim, constituted an abandonment of the claim (see Josephson LLC v Column Fin., Inc., 94 AD3d 479, 480 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK